SAGINAW FIRE FIGHTERS ASSOCIATION

LOCAL NO. 422 v POLICE AND FIRE DEPARTMENT CIVIL
SERVICE COMMISSION

1. MUNICIPAL CORPORATIONS—PUBLIC ACTS—FIRE DEPARTMENTS.

Insuring that a public act is followed by local officials where the act was enacted to benefit the entire public by providing a better qualified, more efficient staff for the fire department is a public right because such an act benefits the public since the efficient operation of a fire department and its qualified members is intrinsic to a safer community.

2. PARTIES—STANDING—FIRE DEPARTMENTS—CIVIL SERVICE—UNIONS.

Special injury is not shown and there is no standing to challenge the actions of a civil service commission by a local union of firemen where the union asserts that the rights of future local applicants have been materially affected by a waiver of the one-year residency requirement for applicants to the fire department where there is no evidence of injury to current members of the union or to the union as bargaining agent for its members.

3. PARTIES—STANDING—PUBLIC GRIEVANCES—INDIVIDUAL GRIEVANCES.

Private persons cannot redress grievances on behalf of the public; such a task falls to those who have been specifically charged with the duty of interference; a private citizen may proceed to judicial relief only in cases where individual grievances are distinct from those of other members of the public.

4. PARTIES—STANDING—TAXPAYERS—OFFICIAL MISCONDUCT—INJUNCTIONS.

The threat that a taxpayer will sustain substantial injury or suffer loss or damage as a taxpayer, through increased taxation

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 369.
[2, 3] 59 Am Jur 2d, Parties §§ 27, 28.
[4] 74 Am Jur 2d, Taxpayers' Actions § 16.

and the consequences thereof, is a prerequisite to the taxpayer's right to maintain a suit against a unit of government seeking injunctive relief for the benefit of himself or other taxpayers against alleged official misconduct.

Appeal from Saginaw, Joseph R. McDonald, J. Submitted June 3, 1976, at Lansing. (Docket No. 26829.) Decided September 8, 1976.

Complaint by the Saginaw Fire Fighters Association Local No. 422 and Earle D. DeGuise against the Saginaw Police and Fire Department Civil Service Commission for an injunction restraining the commission's hiring practices. Temporary injunction granted. The City of Saginaw intervened as a party defendant and summary judgment was subsequently granted the plaintiffs making the injunction permanent. The city appeals and the commission cross appeals. Reversed.

*Hamed W. Suffety,* for plaintiffs.

*W. Vincent Nash,* City Attorney, and *Wm. F. Klumpp, Jr.,* Assistant City Attorney, for the Civil Service.

*Rodney J. O'Farrell,* Assistant City Attorney, for the City of Saginaw.

Before: ALLEN, P. J., and D. E. HOLBROOK, JR. and E. H. PAPP,* JJ.

D. E. HOLBROOK, JR., J. At a hearing on October 14, 1975, plaintiffs, a local union of firemen in Saginaw, and their president, Earle DeGuise, obtained summary judgment against defendants, the local civil service commission (hereinafter referred

_____
* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

to as the commission) and the intervening defendants, the City of Saginaw. The court order which followed extended a prior temporary injunction wherein both the city and commission were ordered to refrain from testing or recruiting nonresident applicants for positions within the City of Saginaw Fire Department. The intervening defendant claims appeal as of right and defendant has claimed a cross appeal. While several issues are raised, we limit ourselves to but one which is dispositive.

In 1935 the city, through referendum, adopted the civil service provisions of MCLA 38.501 *et seq.;* MSA 5.3351 *et seq.,* being Act 78 of the public acts of 1935. By so doing, all firemen in the City of Saginaw are chosen pursuant to the regulations and procedures set forth therein. Rules are promulgated by the local commission to carry out the act. MCLA 38.509; MSA 5.3359. Among the duties of the commission is the recruitment and hiring of new employees. MCLA 38.510; MSA 5.3360. Section 10(a) of the act requires the commission to select its potential candidates based on several factors such as educational background; age; performance on an entrance examination; a physical and psychiatric examination; suitability for public service; citizenship; and finally residency in the municipality for at least one year preceding their application.

The one year residency requirement may be waived whenever competent applicants are unavailable. On February 15, 1974, an examination was conducted and only 6 residents and 2 nonresidents (out of 83 applicants) were found eligible. The commission then on July 25, 1975, continuing an earlier waiver of November, 1973, advertised another examination open to both residents and

nonresidents. Of the 497 applications processed 55 (39 residents and 16 nonresidents) were found eligible to undergo the remaining screening tests. Plaintiffs objected to the invocation of the waiver and on September 18, 1975, filed suit against the commission claiming the act had been violated. Plaintiffs alleged that by recruiting nonresidents the local union and DeGuise would be materially affected. A show cause hearing resulted in a temporary injunction restraining defendant commission's hiring practices. Thereafter the city intervened as third-party defendant and in a subsequent hearing the injunction was made permanent. At that hearing the standing of the union as bargaining agent and DeGuise as a resident taxpayer was questioned by defendants. The trial court ruled that DeGuise did have taxpayer standing and as such had an absolute right to satisfy himself that local officials were following the law. It was also held that as a private citizen he need show no special damage. We find that the trial court incorrectly found standing as to both plaintiffs.

Act 78 was enacted to benefit the entire public by providing a better qualified, more efficient staff for the fire department. *Wayne County Prosecuting Attorney ex rel Taxpayers v Highland Park,* 308 Mich 425, 434; 14 NW2d 53 (1944), *Killingsworth v Police & Fire Department Civil Service Commission of the City of Saginaw,* 12 Mich App 340, 346; 162 NW2d 826 (1968), *Day v Gerds,* 54 Mich App 547, 550; 221 NW2d 221 (1974). Since the efficient operation of a fire department and its qualified members is intrinsic to a safer community, insuring that the act is followed so as to produce this goal is a public right. It touches and concerns every resident and taxpayer in the City

of Saginaw. Despite this public impact, the union and DeGuise claim as individual members of the public that they have standing to enforce the act claiming their rights have been materially affected.

Here the union has shown no special injury. Plaintiffs cite cases to support their position that the union has enforced the act in the past. Those cases, however, involved the application of said act to the regulation of members who had already been accepted as members of the fire department. In *Detroit Police Officers Association v Detroit,* 385 Mich 519; 190 NW2d 97 (1971), for example, a police officer's association challenged a city residency ordinance as unconstitutional. The ordinance there, however, required residency concurrent with membership on the police force. In the instant case plaintiffs instead are asserting rights of future local applicants who may be denied membership because of the waiver. None of the current members of the union have been injured by the questioned regulations as in *Detroit Police Officers Association, supra,* nor is there an injury to the union as bargaining agent for its members.

The second claim for plaintiffs' standing relates to DeGuise as a private resident. Standing in a case involving a private citizen and a governmental agency has been consistently limited in Michigan. In *Home Telephone Co v Michigan Railroad Commission,* 174 Mich 219; 140 NW 496 (1913), the Court set forth the Michigan view that private persons cannot redress grievances on behalf of the public. Only in cases where individual grievances are distinct from other members of the public may a private citizen proceed to judicial relief. Otherwise the task falls to those who have been specifically charged with the duty of interference.

Later cases have continued to deny standing to taxpayers of a city on the theory that their pecuni-

ary detriment is either nominal or nonexistent. *Johnson v Gibson,* 240 Mich 515; 215 NW 333 (1927), *Joseph v Grand Blanc Twp,* 5 Mich App 566; 147 NW2d 458 (1967), *Unger v Forest Home Twp,* 65 Mich App 614; 237 NW2d 582 (1975). The rationale of these cases, involving the right of taxpayers to seek injunctive relief against alleged official misconduct, is set forth in *Menendez v Detroit,* 337 Mich 476, 482; 60 NW2d 319 (1953):

"In each of these cases it is clearly recognized that prerequisite to a taxpayer's right to maintain a suit of this character against a unit of government is the threat that he will sustain substantial injury or suffer loss or damage as a taxpayer, through increased taxation and the consequences thereof."

In the instant case, plaintiffs do not allege that they will sustain substantial injury or suffer loss or damage, through increased taxation, as taxpayers. Further, it is difficult to perceive how the waiver of residency requirements in July of 1975 may have increased taxes to DeGuise or changed the financial positions of the members of the union. We therefore find that plaintiffs lacked standing and follow the rule of *Home Telephone* as summarized recently in *Comstock v Wheelock,* 63 Mich App 195; 234 NW2d 448 (1975):

"We hold that the instant situation is covered by the rule that public rights actions must be brought by public officials vested with such responsibility." 63 Mich App at 202.

Resolution of the foregoing issue being dispositive we need not address ourselves to the additional issues raised on appeal. The preliminary injunction is set aside. No costs, construction of a statute of public importance being involved.

Reversed.