13-SOUTHFIELD ASSOCIATES v DEPARTMENT OF PUBLIC HEALTH

Docket No. 77-1568. Submitted February 16, 1978, at Lansing.—Decided April 18, 1978.

The Michigan Department of Public Health issued a certification to the Department of Housing and Urban Development that there was no need for an additional nursing home in Southfield where 13-Southfield Associates were planning to build a home and for which it had sought assistance in arranging the financing. Such "no-need" certification foreclosed the possibility of FHA financing for the proposed construction. 13-Southfield Associates sought a hearing before the Public Health Department on the no-need certification, which was denied. 13-Southfield Associates then commenced an action against the department and Maurice S. Reizen, M.D., the state Health Director, seeking review of the department's certification, superintending control and a declaratory judgment on the need for a nursing home and whether plaintiff was entitled to a hearing before the Department of Health. The plaintiff's complaint was dismissed on the basis that circuit court lacked jurisdiction to review an agency's action absent a record at the agency level, Oakland County Circuit Court, Richard D. Kuhn, J. Plaintiff appeals. *Held:*

Plaintiff had no right to a hearing before the department concerning the need for the proposed nursing home and the resultant lack of a record prevents review of that factual determination. Appeal is available, but is limited to whether the department's action was authorized by law, an issue not contested by plaintiff. Superintending control is not available where another adequate remedy is available, and it was in this case. The trial court did not abuse its discretion in denying declaratory relief to plaintiff.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 2 Am Jur 2d, Administrative Law § 403.
[4, 6] 2 Am Jur 2d, Administrative Law §§ 697, 698.
[5] 1 Am Jur 2d, Administrative Law § 21.
[7] 22 Am Jur 2d, Declaratory Judgments § 9.

1. ADMINISTRATIVE LAW—STATE AGENCY—RIGHT TO A HEARING—
   NURSING HOMES—HEALTH DEPARTMENT—CERTIFICATION OF
   NEED—STATUTES.
   There is no statutory right to a hearing before the designated
   state agency under the Federal statutory provisions which
   require that a state agency provide a certification of need for a
   proposed nursing home before the Department of Housing and
   Urban Development will consider an application for FHA mort-
   gage insurance on that proposed nursing home (12 USC 1715w,
   42 USC 291d).

2. PROPERTY—CONSTITUTIONAL LAW—PROPERTY INTEREST—DUE PROC-
   ESS PROTECTION—NURSING HOME—CERTIFICATION OF NEED—
   FHA MORTGAGE INSURANCE.
   A plaintiff who has been denied FHA mortgage insurance for the
   construction of a nursing home because the Department of
   Public Health certified that there was no need for the proposed
   nursing home has suffered no deprivation of a property interest
   deserving due process protection; where a plaintiff has failed to
   show a legitimate claim of entitlement to the benefit desired,
   denial of that benefit does not require due process protection.

3. ADMINISTRATIVE LAW—ADMINISTRATIVE PROCEDURES ACT—DEPART-
   MENT OF HEALTH—CERTIFICATION OF NEED—NURSING HOME—
   HEARING—CONTESTED CASE—STATUTES.
   The issuance or denial of certification by the Department of
   Health as to the need for a nursing home in a specified area is
   not a "contested case" under the Administrative Procedures
   Act as no evidentiary hearing is required by law; therefore,
   judicial review of the Department's issuance of a no-need
   certificate is unavailable (MCLA 24.301; MSA 3.560[201]).

4. ADMINISTRATIVE LAW—JUDICIAL REVIEW—AGENCY'S DETERMINA-
   TION—CONSTITUTIONAL LAW—STATUTES.
   Review under the statute which provides for an appeal to circuit
   court from any order, decision or opinion of any state board,
   commission or agency from which an appeal or other judicial
   review has not been otherwise provided by law is not de novo,
   but is limited in scope to whether such final decisions, findings,
   rulings and orders are authorized by law; and, in cases in
   which a hearing is required, whether the same are supported
   by competent material and substantial evidence on the whole
   record (Const 1963, art 6, § 28, MCLA 600.631; MSA 27A.631).

5. COURTS—SUPERINTENDING CONTROL—INADEQUATE REMEDY—RIGHT
   TO APPEAL.
   Superintending control is not available where there is a right to

appeal, even though the scope of review on appeal is quite narrow, and where there are no extraordinary circumstances making review by appeal an inadequate remedy (GCR 1963, 711).

6. COURTS—SUPERINTENDING CONTROL—ADMINISTRATIVE LAW—AGENCY'S DETERMINATION—LACK OF RECORD.
    Superintending control is unavailable for review of an agency's factual determination where there is no record for the court to consider.

7. COURTS—POWERS—DECLARATORY JUDGMENT—COURT RULES.
    Circuit courts have the power to issue declaratory judgments; however, that power is discretionary (GCR 1963, 521.1).

*Hyman, Gurwin, Nachman, Friedman & Winkelman* (by *Irwin M. Alterman*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Milton I. Firestone, Frank J. Pipp* and *David L. Kaser,* Assistants Attorney General, for defendants.

Before: DANHOF, C. J., and BRONSON and N. J. LAMBROS,* JJ.

BRONSON, J. The issue in this case is whether plaintiff can obtain review of defendant Michigan Department of Public Health's (Public Health) certification to the Department of Housing and Urban Development (HUD) that there existed no need for the nursing home plaintiff planned to construct.

Plaintiff planned to build a nursing home in Southfield. After purchasing land, it attempted to arrange financing for the construction. In the course of arranging financing, plaintiff applied to HUD for FHA mortgage insurance. HUD responded that plaintiff had to submit a certificate of need for the nursing home from Public Health to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

obtain the mortgage insurance.[1] Public Health then certified to HUD that there was no need for nursing home beds in the area in which plaintiff planned to build, based on its state plan for health care facilities construction[2] and the existence of other projects. Plaintiff asserts that as FHA mortgage insurance was therefore unavailable, financing was impossible to obtain.

Plaintiff sought a hearing on the no need certification before Public Health, which was denied. Plaintiff then filed the instant action in circuit court, seeking review of the agency's certification, superintending control and declaratory judgment on the need for a nursing home and whether plaintiff was entitled to a hearing before Public Health. Plaintiff's complaint was dismissed, on defendants' motion, on the basis that circuit court lacked jurisdiction to review an agency's action absent a record at the agency level. Plaintiff appeals as of right.

I. *The right to an agency hearing.*

A. Statutory right to a hearing.

[1] 12 USC 1715w(d)(4) provides in part:

"The Secretary shall not insure any mortgage under this section unless he has received, from the State agency designated in accordance with section 291d(a)(1) of Title 42 for the State in which is located the nursing home or intermediate care facility or combined nursing home and intermediate care facility covered by the mortgage, a certification that (A) there is a need for such home or facility or combined home and facility."

Public Health is the agency charged under 42 USC 291d(a)(1) with developing a state plan describing, among other things, the need for health care facilities for the purpose of state participation in HUD's program of grants and loans for the construction and modernization of health care facilities. See 42 USC 291a *et seq.* Public Health found no need for plaintiff's project on the basis of this plan.

While 42 USC 291d(a)(9) requires Public Health to afford applicants for construction or modernization projects an opportunity for a hearing, that requirement does not mandate a hearing in the case at bar, as plaintiff is not proceeding under 42 USC 291d and is not applying for a grant or loan under section 291.

[2] *See* note 1, *supra.*

Plaintiff's argument regarding the statutory right to a hearing on Public Health's "no need" certification is without merit. 12 USC 1715w(d)(4), which requires that the state agency noted in 42 USC 291d(a)(1) certify need for a facility before insurance may be issued, does *not* provide for a hearing regarding such certification. Nor is a right to a hearing mentioned in the rest of 12 USC 1715w.

Plaintiff's attempt to use the hearing provisions of 42 USC 291d(a)(9) is unconvincing. That statute is part of a statutory scheme whereby money is allocated to the states, 42 USC 291a, for purposes of health care facility construction and modernization. See 42 USC 291. Under this scheme, a designated state agency, which in this state is Public Health, may formulate a plan which includes a survey of the need for the various types of facilities throughout the state. 42 USC 291d. After approval by the state agency and the attendant right to a hearing, 42 USC 291d(a)(9), final approval by the Surgeon General entitles an applicant to Federal funds allocated to the state.

Obviously, this scheme is quite distinct from that provided by 12 USC 1715w. The only common factor is that 12 USC 1715w refers to 42 USC 291d to determine the appropriate agency to certify need. Since 42 USC 291d also provides for the formulation of a comprehensive state plan, it is only natural that the agency formulating such a plan be the agency passing upon the "need" for a given facility. There is nothing in 12 USC 1715w or 42 USC 291d to imply that the hearing provision in the latter statute should be grafted upon the former. The other statutes cited by plaintiff also do not apply to the instant case.

B. Due process right to a hearing.

Plaintiff contends that due process[3] mandates a hearing before Public Health as that agency's certification to HUD deprived it of a property interest. We hold that there is no constitutional right to a hearing in the case at bar.

The United States Supreme Court recently defined the "property" interests which are protected by a due process right to a hearing. See *Perry v Sindermann,* 408 US 593; 92 S Ct 2694; 33 L Ed 2d 570 (1972), *Board of Regents of State Colleges v Roth,* 408 US 564; 92 S Ct 2701; 33 L Ed 2d 548 (1972).

In *Roth,* the Court held that an untenured college professor did not have a property interest in reemployment after not being rehired, because he did not have a "legitimate claim of entitlement" to continued employment. *Cf. Perry v Sindermann, supra.* The Court in *Roth* held:

"Certain attributes of 'property' interests protected by procedural due process emerge from these decisions. To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims." *Board of Regents v Roth, supra,* at 577.

The Michigan Supreme Court applied the *Roth* definition in *Bisco's, Inc v Liquor Control Commission,* 395 Mich 706; 238 NW2d 166 (1976), *Bundo v Walled Lake,* 395 Mich 679; 238 NW2d 154 (1976),

---

[3] US Const, Am XIV; Const 1963, art 1, § 17.

holding that renewal of a liquor license is a "property" interest entitled to the due process protection of notice and a hearing. In both cases, the Court held that the licensee had a "legitimate claim of entitlement" to renewal of the license.

In the case at bar, we find that plaintiff has demonstrated no deprivation of a property interest deserving due process protection. Plaintiff could have no reasonable expectation that it would obtain mortgage insurance from HUD, because such insurance was conditional on a certification of need by Public Health. Likewise, determination that need for a nursing home existed could not be reasonably anticipated; that determination depended on Public Health's assessment of the availability of nursing home beds in the area and projected future use. As plaintiff has failed to show a legitimate claim of entitlement to the benefit desired, denial of that benefit does not require due process protection. Plaintiff has no due process right to a hearing before Public Health.

II. *Jurisdiction of circuit court to review Public Health's "no need" certification*

In part I of this opinion, we held that plaintiff had no right to a hearing before Public Health concerning the need for a nursing home in Southfield. Consequently, any review of the agency's determination cannot be dependent on the existence of a record—there is none now[4] nor, in the absence of a right to a hearing, can plaintiff compel the development of a record. The absence of a record significantly narrows the possibility of review on the grounds advanced by plaintiff.

---

[4] Plaintiff asserts that Public Health's Master Plan for development of health care facilities could be considered a record. We disagree; absent a hearing, there can be no record. *Cf.* MCLA 24.286; MSA 3.560(186).

A. Administrative Procedures Act.[5]

MCLA 24.301; MSA 3.560(201) provides for judicial review of an agency's final decision or order in a "contested case". A "contested case" is defined as:

"[A] proceeding, including but not limited to rate-making, price-fixing and licensing, in which determination of the legal rights, duties or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing." MCLA 24.203; MSA 3.560(103).

The need certification in the case at bar was not a "contested case", as no evidentiary hearing was required by law. Thus, judicial review under MCLA 24.301; MSA 3.560(201) was unavailable. See *Bisco's, Inc v Liquor Control Commission, supra,* at 719–721 (LEVIN, J., concurring), *Kelly Downs, Inc v Racing Commission,* 60 Mich App 539; 231 NW2d 443 (1975).

B. Statutory right to appeal.

MCLA 600.631; MSA 27A.631 provides:

"An appeal shall lie from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules from which an appeal or other judicial review has not otherwise been provided for by law, to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham county, which court shall have and exercise jurisdiction with respect thereto as in nonjury cases. Such appeals shall be made in accordance with the rules of the supreme court."[6]

---

[5] MCLA 24.201; MSA 3.560(101).

[6] *See* GCR 1963, 706.1, which provides that appeals under the statute are governed by GCR 1963, 701 and 702, except that no bond under 701.7 is required.

Review under this statute is not *de novo,* but is limited in scope to "whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record". Const 1963, art 6, § 28; *Viculin v Department of Civil Service,* 386 Mich 375, 392; 192 NW2d 449 (1971). As no hearing was required, the circuit court could not review the evidentiary support for Public Health's "no need" determination. That court, limited to reviewing whether the agency's action was "authorized by law", could not grant the relief sought by plaintiff under MCLA 600.631; MSA 27A.631.[7]

C. Superintending control.

GCR 1963, 711 provides for superintending control over lower courts and tribunals where no other adequate remedy is available. See GCR 1963, 711.2. In the case at bar, plaintiff has a right to appeal under MCLA 600.631; MSA 27A.631, even though the scope of review on appeal, in the absence of a hearing, is quite narrow. Therefore, superintending control is not available where there are no extraordinary circumstances making review by appeal an inadequate remedy. 4 Honigman & Hawkins, Michigan Court Rules Annotated, 59 (1967). As we hold that the lower court was not presented with such extraordinary circumstances, denial of relief under GCR 1963, 711 was proper.

In addition, superintending control is unavailable for review of an agency's factual determination where there is no record for the court to consider. *Lepofsky v Lincoln Park,* 48 Mich App 347; 210

---

[7] Plaintiff does not contend that Public Health's action was not authorized by law. It clearly was authorized by 12 USC 1715w.

NW2d 517 (1973), *Drouillard v Roseville,* 9 Mich App 239; 156 NW2d 628 (1967). Here, it is Public Health's factual determination that no need existed for the proposed nursing home from which plaintiff seeks review. Because there is no record, review of that determination is impossible.

D. Declaratory judgment.

Under GCR 1963, 521.1, circuit courts have the power to issue declaratory judgments. That power is discretionary; 521.1 states that a circuit court *"may* declare the rights and other legal relations of any interested party". See, also, 2 Honigman & Hawkins, Michigan Court Rules Annotated, 688–690 (1963).

In the case at bar, plaintiff has a remedy, albeit a limited one, under MCLA 600.631; MSA 27A.631. Furthermore, as plaintiff has no right to a hearing before Public Health, a review of its factual no need determination is not possible in a declaratory judgment action. As Public Health is designated to determine need administratively, circuit court should not undertake an independent investigation of the need for the proposed facility. In this context, we hold that denying plaintiff declaratory relief was not an abuse of discretion. See 2 Honigman & Hawkins, Michigan Court Rules Annotated, 690 (1963).

In conclusion, we hold that plaintiff had no right to a hearing before Public Health concerning the need for the proposed nursing home. The resultant lack of a record prevents review of that factual determination. Appeal is available under MCLA 600.631; MSA 27A.631, but is limited to whether the agency's action was authorized by law, an issue not contested by plaintiff. The trial court did not err in refusing to review Public Health's ac-

tion under the other grounds on which plaintiff relies.[8]

Affirmed. Costs to appellees.

---

[8] Plaintiff did not argue below or on appeal that Public Health's Master Plan for health care facilities was a "rule" under MCLA 24.207; MSA 3.560(107) and that the no need certification was a declaratory ruling which was reviewable under MCLA 24.263; MSA 3.560(163). *See Greenfield Construction Co, Inc v Department of State Highways,* 402 Mich 172; 261 NW2d 718 (1978) (opinion of LEVIN, J.). We therefore do not address this issue.