## DE BEAUSSAERT v SHELBY TOWNSHIP

Docket No. 59522. Submitted October 15, 1982, at Detroit.—Decided December 20, 1982.

August De Beaussaert applied to the Shelby Township Police and Fire Civil Service Commission for employment as a firefighter-emergency medical technician although aware that he did not meet the commission's requirement as to visual acuity. Despite De Beaussaert's failure to meet the visual acuity requirement for the position, the commission certified him to take the requisite examination for the position because of De Beaussaert's exceptional qualifications. Following the examinations, De Beaussaert was placed second on the eligibility list and was certified by the commission. Thereafter, the Shelby Township supervisor informed De Beaussaert that he had been approved for appointment to the firefighters department and was to be processed for employment. Subsequently, De Beaussaert was removed from the eligibility list because of his vision problem. De Beaussaert filed suit against Shelby Township, the commission, and others in Macomb Circuit Court asking for a writ of mandamus requiring the civil service commission to employ him immediately as a firefighter and give him back pay and benefits from the day the township supervisor informed him of his appointment. The trial court, John G. Roskopp, J., dismissed plaintiff's complaint. Four days later, plaintiff's motion for reconsideration was also denied. Plaintiff appeals. *Held:*

The Shelby Township Police and Fire Civil Service Commission is bound by the rules and regulations it passes and is not free to waive any requirement once it has been adopted. Certifying plaintiff as a firefighter would violate the commission's rule as to visual acuity. The commission is free, however, to change its rule to allow people with visual problems under certain circumstances to be certified for employment if it so desires.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law §§ 292, 293, 312.

[2] 1 Am Jur 2d, Administrative Law § 46.

[3] 2 Am Jur 2d, Administrative Law § 306 *et seq.*

1. Administrative Law — Rules and Regulations — Violation.
   A governmental agency may not violate rules and regulations it has issued to govern its activity.

2. Words and Phrases — "May" — Statutes.
   Use of the word "may" in a statute does not always grant discretion; it is often interpreted to mean "shall".

3. Statutes — Judicial Construction.
   Statutes which confer upon a public body or officer power to act for the sake of justice, or which clothe a public body or officer with power to perform acts which concern the public interests or the rights of individuals, are generally regarded as mandatory, although the language is permissive merely, since they are construed as imposing duties rather than conferring privileges.

*Ramsdell, Oade & Feldman* (by *Bernard Feldman),* for plaintiff.

*Emil E. Cardamone,* for defendants.

Before: T. M. Burns, P.J., and V. J. Brennan and Wahls, JJ.

T. M. Burns, P.J. On August 3, 1981, the trial court dismissed plaintiff's complaint requesting a writ of mandamus against defendants. Four days later, the trial court denied plaintiff's motion for reconsideration. Plaintiff appeals as of right.

Public Act 78 of 1935 established the civil service system for police and fire departments and created a commission. MCL 38.509; MSA 5.3359 gave this commission the authority to promulgate rules and regulations. Subsequently, defendant Shelby Township Police and Fire Civil Service Commission promulgated the following rule:

"The appointing authority will, according to the Act, interview each person when certified as next eligible prior to appointment and shall, with sole reference to

the relative merit and fitness of the candidate, make appointment so certified, providing:

"(a) Applicant must have minimum 20/40 vision uncorrected, visual field normal." Rule 2, § 6.

In 1979, defendant Shelby Township Civil Service Commission published notices inviting applicants to apply for the position of Firefighter EMT (Emergency Medical Technician). The published notice included a requirement that the applicant have 20/40 vision (uncorrected) in both eyes. Plaintiff applied but attached a letter from an optometrist stating that his "unaided visual acuity measured 20/400 O.U.". Even though the specific requirement for visual acuity was not met, the civil service commission certified plaintiff as eligible to take the examinations telling him that, because he was exceptionally qualified, it would waive this requirement. After placing second on the eligibility list, plaintiff was certified by the civil service commission.

On September 3, 1980, the township supervisor sent plaintiff a letter informing him that he had been "approved for appointment to the Shelby Township Firefighters Department for employment and was to contact the Fire Chief's Office for the processing of employment". However, he was eventually removed from the eligibility list because of his vision problem. Plaintiff has subsequently sued, asking for a writ of mandamus requiring the civil service commission to employ him immediately as a firefighter and be allowed back pay and benefits from September 3, 1980.

Once an agency has issued rules and regulations to govern its activity, it may not violate them. *Brown v Dep't of State Police*, 392 Mich 811 (1974); *Golembiowski v Madison Heights Civil Service Comm*, 93 Mich App 137, 148; 286 NW2d 69, 74

(1979), *lv den* 408 Mich 893 (1980). Certifying plaintiff as a firefighter would violate the commission's own rules.

However, plaintiff argues that the civil service commission has the right to waive its own regulations on eligibility. He cites MCL 38.510(b); MSA 5.3360(b):

> "The commission *may* refuse to examine an applicant, or after examination, to certify as eligible, an applicant who is found to lack any of the established preliminary requirements for the examination of position or employment for which the applicant applied; or who is so physically disabled as to be rendered unfit for the performance of the duties of the position to which the applicant seeks appointment; or who is addicted to the habitual use of intoxicating liquors or drugs; or who may have been guilty of a crime; or who has been dismissed from the public service for delinquency or misconduct; or who has made a false statement of a material fact, or practiced or attempted to practice a deception or fraud in the appplication, in the examination or in the securing eligibility; or who refuses to comply with the rules and regulations of the commission." (Emphasis added.)

Plaintiff argues that the use of the word "may" gives the commission discretion. However, "may" does not always grant such discretion; it is often interpreted to mean "shall". In *Kment v Detroit,* 109 Mich App 48; 61-62; 311 NW2d 306, 311 (1981), this Court stated:

> "Ordinarily, use of the word 'shall' indicates that the doing of a particular thing is mandatory while use of the word 'may' grants discretion. * * * This is not always the case, however, and it has often been held in the context of particular statutes that the term 'shall' is not mandatory and that the term 'may' is. * * * 'Although the form of the verb used in a statute, *i.e.,*

whether it says something "may" or "shall" or "must" be done, is the single most important textual consideration bearing on whether a statute is mandatory or directory, it is not the sole determinant and what it usually connotes can be overcome by other considerations.' 2A Sutherland, Statutory Construction (4th ed), § 57.03, p 415. Chief among such 'other considerations' is, of course, the intent of the Legislature. * * * In determining the intent of the Legislature, certain generalities may be adduced concerning specific types of statutes and it has been said as a general rule that 'the permissive word "may" is interpreted as mandatory when the duty is imposed upon a public official and his act is for the benefit of a private individual'. 1A Sutherland, Statutory Construction (4th ed), § 25.04, p 301."

*Smith v City Comm of Grand Rapids,* 281 Mich 235, 242-243; 274 NW 776 (1937), further supports the word "may" being interpreted as mandatory:

" 'Statutes which confer upon a public body or officer power to act for the sake of justice, or which clothe a public body or officer with power to perform acts which concern the public interests or the rights of individuals, are generally regarded as mandatory, although the language is permissive merely, since they are construed as imposing duties rather than conferring privileges.' 59 CJ, pp 1076, 1077."

See also *McBrian v Grand Rapids,* 56 Mich 95, 98-99; 22 NW 206 (1885).

Therefore, this inquiry's focus centers on the statute's specific purpose. In *Day v Gerds,* 54 Mich App 547, 550; 221 NW2d 221 (1974), this Court stated:

"The civil service act here involved was enacted to provide a civil service system based upon 'examination and investigation as to merit, efficiency and fitness for appointment, employment and promotion of all officers and men'. * * * Its purpose was to benefit the public by

providing better qualified personnel and to protect the officers and employees from arbitrary and unjust removal. * * * In order to facilitate the selection of better qualified people the act calls for appointments to be made on the basis of competitive examinations."

See also *Wayne County Prosecuting Attorney ex rel Taxpayers v Highland Park,* 308 Mich 425, 434; 14 NW2d 53 (1944); *Saginaw Firefighters Ass'n Local No 422 v Police & Fire Dep't Civil Service Comm,* 71 Mich App 240, 243; 247 NW2d 365, 367 (1976).

The civil service system was established basically to abolish favoritism and unfair advantage in municipal hiring and to create fair competition among applicants. Allowing the commission to waive its own rules and regulations to allow a particular applicant to become certified would undermine the basis of this act. As such, we interpret this statute as being mandatory rather than discretionary.

We do realize that our ruling is somewhat anomalous in the present case. The civil service commission specifically waived its visual acuity rule because it found plaintiff to be otherwise so very qualified for the position. However, we believe that overall the act's purposes will be better achieved by holding the commission to its own rules. Nothing prevents the commission from changing its rule to allow people with visual problems under certain circumstances to be certified.

Because plaintiff is not arguing estoppel on appeal, we need not address the issue. See *Nickola v Grand Blanc Twp,* 394 Mich 589; 232 NW2d 604 (1975); *Cross v Whedon,* 93 Mich App 13; 285 NW2d 780 (1979).

Plaintiff also argues that he is entitled to a hearing before the commission. MCL 38.510(b);

MSA 5.3360(b). Although we generally agree with plaintiff's interpretation of this act, we do not believe that a remand for such a hearing in this particular case would be worthwhile. We have already determined that plaintiff cannot be hired for the position unless defendant civil service commission changes its visual acuity rule. As such, he cannot prevail at such a hearing.

Affirmed.