INDEPENDENT INSURANCE AGENTS OF MICHIGAN v
COMMISSIONER OF MICHIGAN FINANCIAL INSTITUTIONS
BUREAU

Docket Nos. 79131, 79266. Submitted March 19, 1985, at Lansing.—
Decided September 3, 1985. Leave to appeal denied, 424 Mich —.
Defendant Commissioner of the Michigan Financial Institutions
Bureau issued an order allowing defendant Three Rivers Savings & Loan Association to purchase an insurance agency
through a wholly-owned service corporation. Plaintiff, the Independent Insurance Agents of Michigan, brought an action
against defendants, claiming that the Commissioner's order was
unlawful and seeking to prevent the approval and acquisition
from taking effect. The Ingham Circuit Court, James T. Kallman, J., set aside the order and enjoined the purchase on the
basis that the order established a general policy and was
therefore, in reality, a rule which was invalid because it had
not been promulgated properly. The defendants each appealed
and the appeals were consolidated. *Held:*

1. A state agency may establish its standards of conduct,
policies, and procedures by one of two methods: rule making or
adjudication of contested cases. In either case, the provisions of
the Administrative Procedures Act must be followed. In this
case there was neither an adjudication of a contested case nor
the requisite notice, hearings, and publication for promulgation
of a rule.

2. Upon the facts of this case, the order of the Commissioner
is a policy, ruling or instruction of general applicability and is
thus a "rule" within the meaning of the Administrative Procedures Act. Because this "rule" was not properly promulgated, it
was invalid.

Affirmed.

ADMINISTRATIVE LAW — RULE MAKING.

A state agency must establish its standards of conduct, policies

REFERENCES FOR POINTS IN HEADNOTES

Am Jur 2d, Administrative Law §§ 92 *et seq.*

Construction and application of 5 USCS § 553(a) (2), exempting from
Administrative Procedure Act's rulemaking requirements matters
relating to agency management or personnel or to public property, loans, grants, benefits, or contracts. 41 ALR Fed 926.

and procedures, pursuant to the Administrative Procedures Act, by one of two methods: rule making or adjudication of contested cases; in either case, the agency must adhere to the applicable statutory provisions in setting agency policy (MCL 24.201 *et seq.*; MSA 3.560[101] *et seq.*).

*Downs, Zagaroli & Downs, P.C.* (by *Michael A. Zagaroli* and *Tom Downs*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *Philip J. Smith,* Assistants Attorney General, for the Commissioner of Michigan Financial Institutions Bureau.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Timothy A. Fusco* and *Nancy S. Martin*), for Three Rivers Savings & Loan Association.

Before: R. M. MAHER, P.J., and R. B. BURNS and ALLEN, JJ.

R. B. BURNS, J. On February 16, 1984, defendant Commissioner of the Michigan Financial Institutions Bureau (Commissioner) issued an order allowing defendant Three Rivers Savings & Loan Association (Three Rivers) to purchase an insurance agency through a wholly-owned service corporation. Plaintiff Independent Insurance Agents of Michigan (IIAM) filed suit against defendants, claiming the Commissioner's order was unlawful and seeking to prevent the approval and acquisition from taking effect.

At the May 16, 1984, hearing before the circuit court, plaintiff argued that the Commissioner's determination that Three Rivers' service corporation should be authorized to purchase the insurance agency was a "rule" as defined in § 7 of the Administrative Procedures Act and, therefore, that it required promulgation via the rule-making pro-

cedures set forth in the act. The trial court based its decision to set aside the Commissioner's order and enjoin the purchase exclusively on its acceptance of plaintiff's argument and found that "because general policy was being established", the order was "a rule in reality" and consequently "invalid since it was not properly promulgated". Defendants appeal. We affirm.

Defendant Three Rivers is a state-chartered savings and loan association organized under the Michigan Savings and Loan Act of 1980, MCL 491.102 *et seq.;* MSA 23.602(102) *et seq.*

Section 714 of the Savings and Loan Act, MCL 491.714; MSA 23.602(714), provides:

"An investment by an association in a service corporation shall not exceed 3% of the association's total assets and shall be subject to limitations and approvals established by rules promulgated by the supervisor."

Section 156 of the act, MCL 491.156; MSA 23.602(156), states:

" 'Supervisor' means the commissioner of the financial institutions bureau of the department of commerce, or other officer designated by law to administer this act."

Section 150 of the act, MCL 491.150; MSA 23.602(150), defines "service corporation" as:

"a corporation organized under the laws of a state which engages in activities determined by the supervisor by order or rule to be incidental to the conduct of a savings and loan business as provided in this act or activities which further or facilitate the corporate purposes of an association, or which furnishes services to an association or subsidiaries of an association, the voting stock of which is owned directly or indirectly by 1 or more associations or federal associations."

In its application to the Commissioner for permission to invest in a service corporation, Three Rivers proposed the creation of a wholly-owned service corporation, Alpha-Financial, Inc. This service corporation would acquire the Hackenberger-Schreiber Insurance Agency and through it sell fire, casualty, life, workers' compensation, and other types of personal and business insurance. The question before the Commissioner was whether, pursuant to § 150, an incorporated insurance agency, specifically the Hackenberger-Schreiber agency, is a service corporation.

Generally, under the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* an agency must establish its standards of conduct, policies, and procedures by one of two methods: rule making or adjudication of contested cases. The choice of method is critical. If adjudication is elected, the agency must follow the "contested cases" provisions of chapter 4 of the act, including holding a quasi-judicial hearing. If, on the other hand, "rule making" is elected, the agency must follow the provisions in chapter 3 governing the promulgation of rules, including notice, hearings, and publication. In the present case, plaintiff essentially argues that, since the Commissioner's order was policy-based, it must be classified as a "rule". Both defendants acknowledge the policy-making aspects of the Commissioner's order, but urge this Court to recognize its previous decisions holding that policy may be set through either the rule-making or adjudicatory processes. Defendants' argument is correct in principle but not on these facts, since the policy set by the Commissioner in this case was not the result of adjudication; no contested case hearing was conducted.

Section 7 of the Administrative Procedures Act, MCL 24.207; MSA 3.560(107), defines "a rule" as:

"* * * *an agency regulation, statement, standard, policy, ruling or instruction of general applicability,* which implements or applies law enforced or administered by the agency, or which prescribes the organization, procedure or practice of the agency, including the amendment, suspension or rescission thereof, *but does not include* the following:

* * *

"(i) A declaratory ruling or other disposition of a particular matter as applied to a specific set of facts involved." (Emphasis added.)

In his six-part, 13-page order approving Three Rivers application, the Commissioner stated:

"Inasmuch as this is an issue of first impression, it must first be determined by the commissioner, as a separate issue, whether insurance agency activities fit within the criteria of section 150 of the act. If determined, by rule or order, that a corporation engages in activities incidental to the conduct of a savings and loan business, or which further or facilitate the corporate purposes of an association; or which furnish services to an association or its subsidiaries, the association may then seek permission to invest in it as a service corporation pursuant to the statute and applicable rules."

The Commissioner's analysis sets forth extensive background discussion, including discussion of the insurance activities of state chartered savings and loan associations, and considers whether insurance activities further or facilitate the corporate purposes of a savings and loan association, and discusses relevant consumer issues. Eventually, the Commissioner opined that, under certain conditions, engaging in an insurance agency business is an activity which will further or facilitate the corporate purposes of an association before finally deciding that Three Rivers should be allowed to

invest funds in a service corporation engaging in insurance agency activities.

The Commissioner's order does state that he "reserves the right to limit the precedent value that may attach to this order to the discussion of the issues set forth. Furthermore, it is intended that future applications of this type will be subject to similar analysis of the specific circumstances involved". However, as the trial court noted, it is unlikely that in another application the Commissioner would find that selling insurance through a service corporation would *not* further or facilitate the corporate purposes of the savings and loan association, in light of his discussion in the order in question.

Accordingly, we find that the Commissioner's order in this case is a policy, ruling or instruction of general applicability and, thus, not an exception to the rule requirements of the Administrative Procedures Act.

Affirmed.