HANKS v DEPARTMENT OF SOCIAL SERVICES

Docket No. 99944. Submitted May 18, 1988, at Detroit. Decided June 21, 1988.

Howard Hanks, a recipient of general assistance benefits from the Department of Social Services, obtained a workers' compensation lump sum settlement. After informing the DSS of the settlement and the fact that he had used the settlement proceeds to pay medical debts and other loans, the DSS determined that Hanks was ineligible to receive general assistance benefits for a period of fourteen months. A DSS hearing referee upheld the decision and, on Hanks' petition for review, the Wayne Circuit Court, Henry J. Szymanski, J., affirmed. Petitioner appealed.

The Court of Appeals *held:*

1. Under an administrative rule promulgated by the DSS, 1979 AC, R 400.12(10), only income and resources which are available in fact for current use are to be considered in determining the need of individuals for assistance and the amount of payments to or for them. Thus, petitioner's already expended settlement could not properly be considered as a resource available for use at the time he was ruled ineligible for general assistance benefits.

2. The application to petitioner of lump sum rules used in determining eligibility for Aid to Families with Dependent Children, a federal program, resulted in error in view of Rule 400.12(10) and the absence of state lump sum rules applicable to general assistance benefits.

Reversed.

SOCIAL SERVICES — GENERAL ASSISTANCE — INCOME AND RESOURCES.

Only income and resources which are available in fact for current use are to be considered in determining the need of individuals

REFERENCES

Am Jur 2d, Welfare Laws §§ 45 *et seq.*

Eligibility for welfare benefits, under maximum-assets limitations, as affected by expenditures or disposal of assets. 19 ALR4th 146.

Personal injury recovery as affecting eligibility for, or duty to reimburse, public welfare assistance. 80 ALR3d 772.

for assistance and the amount of payments to or for them (1979 AC, R 400.12[10]).

*Wayne County Neighborhood Legal Services* (by *Kim Corbin*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *James P. Delaney,* Assistant Attorney General, for respondent.

Before: H. HOOD, P.J., and CYNAR and R. B. BURNS,* JJ.

PER CURIAM. Petitioner appeals as of right from a March 27, 1987, order entered in Wayne Circuit Court which upheld the decision of Department of Social Services hearing referee William A. McKay. The referee upheld the decision of respondent which declared plaintiff ineligible to receive general assistance for fourteen months because petitioner had received a lump sum workers' compensation settlement. We reverse.

In June, 1986, petitioner reported to respondent the receipt of a lump sum workers' compensation settlement of $3,853.50. In July, 1986, respondent determined that petitioner would be ineligible for general assistance for a period of fourteen months based on petitioner's receipt of the lump sum settlement. Petitioner made a showing that he had used the money to repay loans and to pay off certain medical debts. Petitioner argued that, because the money was no longer a currently available resource, the lump sum settlement could not be considered to deny him eligibility for receipt of general assistance.

The referee agreed with respondent in its determination that petitioner was properly denied gen-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

eral assistance for fourteen months. The trial court upheld the referee's decision and petitioner appealed raising two issues.

First, petitioner alleges that it was error to consider the lump sum settlement so as to deny him general assistance for fourteen months. We agree.

For purposes of determining eligibility to receive assistance, respondent has promulgated 1979 AC, R 400.12(10), which states:

> Only income and resources which are available in fact for current use are to be considered in determining the need of individuals for assistance and the amount of payments to or for them.

Respondent does not dispute that the above rule had not been amended or rescinded at the time petitioner was denied general assistance. Once a state agency has issued a rule, it may not violate that rule. *Semaan v Liquor Control Comm,* 425 Mich 28, 37; 387 NW2d 786 (1986).

In this case, application of the lump sum rule governing Aid to Families with Dependent Children, a federal program, to deny petitioner general assistance was error since it violated Rule 400.12(10). The lump sum settlement was no longer "available in fact" because petitioner had used the money to repay loans and medical debts. Application of the federal lump sum rule was error because general assistance is a wholly state-funded program. Respondent was required to rescind Rule 400.12(10) and promulgate a state lump sum rule either through rule-making or by adjudication, *Independent Ins Agents of Michigan v Comm'r of Michigan Financial Institutions Bureau,* 145 Mich App 373, 376; 377 NW2d 410 (1985), lv den 424 Mich 888 (1986), before respondent could apply the

lump sum rule. Having failed to follow either procedure, respondent was precluded from applying the lump sum rule. Therefore, by denying petitioner general assistance for fourteen months when the money from the lump sum settlement was no longer "available in fact," respondent violated Rule 400.12(10). Thus, the trial court's March 27, 1987, order is reversed. Because we are reversing on the first issue, we decline to address petitioner's second issue on appeal.

Reversed.