IN THE MATTER OF THE ANNEXATION OF TERRITORY IN
LARKIN TOWNSHIP

Docket No. 76119. Submitted December 18, 1984, at Lansing.—Decided October 7, 1985.

Ruth Robel and others filed a petition in the Midland Circuit Court alleging that they were property owners in either Larkin Township or the City of Midland and seeking review of a State Boundary Commission order approving the annexation of certain property in Larkin Township to the city. The owner of the annexed land had sought annexation to facilitate his plan to develop a regional shopping center. The court, Terrence R. Thomas, J., granted accelerated judgment for respondents, City of Midland and the State Boundary Commission, on the ground that plaintiffs lacked standing to seek review of the commission's order. Petitioners appealed. *Held:*

1. A contested case under the Administrative Procedures Act is a proceeding, including rate-making, price-fixing, and licensing, in which a determination of the legal rights, duties, or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing; a proceeding is not a contested case unless an evidentiary hearing is required by law. An annexation proceeding is not a contested case within the meaning of the Administrative Procedures Act provision for judicial review. Therefore, petitioners did not have standing to seek review under the Administrative Procedures Act.

2. Petitioners did not have standing under the constitutional guarantee of judicial review of decisions affecting private rights

REFERENCES FOR POINTS IN HEADNOTES
[1] Am Jur 2d, Administrative Law §§ 3397 *et seq.;* 556 *et seq.*
Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 55 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Administrative Law; Municipal Corporations.
[2] Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions § 79.
What land is contiguous or adjacent to municipalities so as to be subject to annexation. 49 ALR3d 589.

and licenses, since petitioners had no vested private right in the commission's decision.

Affirmed.

1. ADMINISTRATIVE LAW — ANNEXATION — APPEAL — ADMINISTRATIVE PROCEDURES ACT — CONTESTED CASES — MUNICIPAL CORPORATIONS.

A contested case under the Administrative Procedures Act is a proceeding, including rate-making, price-fixing, and licensing, in which a determination of the legal rights, duties, or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing; a proceeding is not a contested case unless an evidentiary hearing is required by law; an annexation proceeding is not a contested case within the meaning of the Administrative Procedures Act provision for judicial review (MCL 24.203, 24.301; MSA 3.560[103], 3.560[201]).

2. MUNICIPAL CORPORATIONS — ANNEXATION — CONSTITUTIONAL LAW — APPEAL — ADJACENT LANDOWNERS — STANDING.

Adjacent landowners have no standing to seek judicial review of a State Boundary Commission decision regarding the annexation of property under the constitutional guarantee of judicial review of decisions affecting private rights and licenses (Const 1963, art 6, § 28).

*R. Drummond Black,* for petitioners.

*John J. Rae,* for respondent City of Midland.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Milton I. Firestone* and *Roderick T. MacGillis,* Assistants Attorney General, for respondent State Boundary Commission.

Before: WAHLS, P.J., and D. E. HOLBROOK, JR., and C. A. WICKENS,* JJ.

C. A. WICKENS, J. Petitioners are 15 individuals who allege that they are owners of property located in Larkin Township and the City of Midland.

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

They sought review in Midland County Circuit Court of a June 21, 1983, order entered by the State Boundary Commission which approved annexation of a portion of land in Larkin Township, Midland County, to the City of Midland.

According to the State Boundary Commission's summary of proceedings, the owner of the annexed land in Larkin Township sought annexation to the City of Midland because he proposed to develop the land for a regional shopping mall which would require city water and sewer, as well as other city services.

On May 3, 1983, the commission held a final hearing on the annexation and recorded opposition from "[t]ownship residents located near or on the perimeter of the proposed mall". The record does not show specifically which of the above-captioned petitioners expressed their opposition during the commission proceedings.

Petitioners' petition for review alleges that the annexation order in effect opened the way for the development of the proposed shopping mall in Larkin Township. Their allegations of damages from annexation are chiefly destruction of their living environment, "a threat to [their] health, safety and welfare as a result of the increased traffic, noise, commercial activity, and pollution accompanying the shopping center", increased water drainage to developed and undeveloped land owned by petitioners, an increase in Larkin Township real property taxes and damages to commercial properties owned by petitioners.

Several petitioners filed affidavits below setting forth more specifically than in the initial petition their allegations of damages from annexation and proposed development. All of the affidavits addressed the potential for damage from annexation *and* development of the shopping mall. The affida-

vits do not purport to assert that damages would result from annexation only, but petitioners assume that their challenge to the annexation is the same as a challenge to development of the land for a shopping mall.

The circuit court granted respondent City of Midland's motion for accelerated judgment against petitioners on both procedural and substantive grounds regarding petitioners' lack of standing to seek review of the commission's order. As a procedural matter, the court found that petitioners had admitted their lack of standing under GCR 1963, 110.1 and 111.5, now MCR 2.110(B)(5) and 2.111(E)(1), by failing to reply to the City of Midland's specific demand for a reply to its affirmative defense that petitioners lacked standing to obtain judicial review pursuant to GCR 1963, 116.1(3), now MCR 2.116(C)(5).

The court also based its accelerated judgment order on a substantive finding that petitioners are not "aggrieved persons" with standing within the meaning of Michigan's Administrative Procedures Act to pursue review of the commission's order. 1969 PA 306, § 101; MCL 24.301; MSA 3.560(201). Petitioners appeal both the procedural and substantive bases for the lower court's order.

We affirm the accelerated judgment order because we conclude that the annexation proceeding does not constitute a "contested case" within the meaning of the Administrative Procedures Act, 1969 PA 306, § 101; MCL 24.301; MSA 3.560(201), so that petitioners lack standing to seek review of the commission's order under this statute. We also conclude that petitioners' "private rights" are not affected by the commission's order so that petitioners lack standing to seek review under Const 1963, art 6, § 28.

We need not address the validity of the acceler-

ated judgment based on a procedural admission under the court rules as the substantive standing issue is dispositive, as well as a matter of first impression, taking precedence.

We find that an annexation proceeding is not a "contested case" within the meaning of MCL 24.301; MSA 3.560(201), which provides in pertinent part:

"When a person has exhausted all administrative remedies available within an agency, and is aggrieved by a final decision or order *in a contested case,* whether such decision or order is affirmative or negative in form, the decision or order is subject to direct review, by the courts as provided by law." (Emphasis supplied.)

A "contested case" is defined as:

"[A] proceeding, including rate-making, price-fixing, and licensing, in which a determination of the legal rights, duties, or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing." MCL 24.203; MSA 3.560(103).

This Court has determined that, unless an evidentiary hearing is required by law, the proceeding is not a "contested case". *Rehabilitation Center, Inc v Blue Cross & Blue Shield of Michigan,* 93 Mich App 357, 364; 287 NW2d 237 (1979); *13-Southfield Associates v Dep't of Public Health,* 82 Mich App 678, 685; 267 NW2d 483 (1978).

In *Midland Twp v State Boundary Comm,* 401 Mich 641, 670-671; 259 NW2d 326 (1977), the Supreme Court stated unequivocally, albeit in dicta:

"We have already expressed our conclusion, based on the *Hunter* principle, that no governmental authority

or person has any legal right in the boundaries of a city, village or township. *An annexation proceeding is not a 'contested case' even though the commission must hold a public hearing and representatives of a city, village or township and other persons have a right to be heard at such a hearing before the commission makes its determination. That procedural right does not create any substantive legal right in a 'named party' and, hence, the 'legal rights' of a 'named party' are not required by the 1968 act and the 1970 amendment to be determined after an opportunity for an evidentiary hearing* within the meaning of the Administrative Procedures Act.

"The Administrative Procedures Act was designed to provide procedural protection where a personal right, duty or privilege is at stake. *Affording the public at large an opportunity to be heard does not create a personal right in the decision;* certain decisions are so largely legislative in character, affecting the populace at large without differentiation and not fundamentally a particular person or persons, that no substantive personal right is to be implied from the opportunity to be heard." (Emphasis supplied; footnote omitted.)

The *Hunter* principle referred to in the above quotation was explained earlier in the *Midland Twp* opinion as follows:

"The Legislature is free to change city, village and township boundaries at will. This was settled for Federal constitutional purposes in *Hunter v Pittsburgh,* 207 US 161, 178-179; 28 S Ct 40; 52 L Ed 151 (1907), and the principles there established have been observed in subsequent litigation in the courts of this and other states. See *Village of Kingsford v Cudlip* [258 Mich 144, 148; 241 NW 893 (1932)]. Similarly, see *Lansing School District v State Board of Education,* 367 Mich 591; 116 NW2d 866 (1962); *The Detroit Edison Co v East China Twp School Dist No 3,* 247 F Supp 296 (ED Mich, 1965), aff'd 378 F2d 225 (CA 6, 1967); 56 Am Jur 2d, Municipal Corporations, § 50, p 108 and § 57, p 113." 401 Mich 664-665.

As the court below decided, a distinction must be drawn between development and annexation orders. Petitioners here claim damages as a result of development *subsequent* to annexation. While it is true that annexation was ordered by the commission in response to a petition by the owner of the annexed land who made it clear what his development plans were, annexation and development involve different governmental agencies and considerations. We agree with the lower court's statement in its opinion that:

"[T]he prospective damages which [petitioners] expect are not the result of the the *[sic]* order of annexation but rather would come as a result of the development of the annexed territory. The [petitioners] really challenge the development of a proposed shopping mall, not the annexation of a portion of the Township of Larkin by the City of Midland."

Nor do petitioners have standing to seek review of the annexation order under Const 1963, art 6, § 28, which provides in pertinent part:

"All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial *and affect private rights or licenses,* shall be subject to direct review by the courts as provided by law." (Emphasis supplied.)

Following the reasoning in *Midland Twp v State Boundary Comm, supra,* we conclude that no private right of petitioners is affected because they have no vested private right in the commission's decision to change the boundary between Larkin Township and the City of Midland.

Petitioners may have legal relief at later stages, possibly in the form of an injunction, to protect

themselves if they perceive harm or damages from development, but they presently lack standing to seek review of the annexation order.

Affirmed. No costs, a question of public importance being involved.