J & P MARKET, INC v LIQUOR CONTROL COMMISSION

Docket No. 136244. Submitted March 9, 1993, at Lansing. Decided May 18, 1993, at 9:05 A.M.

J & P Market, Inc., petitioned the Genesee Circuit Court for review of the Liquor Control Commission's denial of the petitioner's request for the transfer of a specially designated distributor license from a merchant to the petitioner. The license allows its holder to sell hard liquor on a carry-out basis only. The commission had relied on 1980 AACS, R 436.1133 (Rule 33) and 1985 AACS, R 436.1105(2)(a),(c), and (j) (Rule 5) in deciding not to waive the general requirement in Rule 33 that the proposed site not be within 2,640 feet of another establishment holding an SDD license and in determining that the transfer should be denied under Rule 5 because of the petitioner's management experience in the liquor business, its general business reputation, and the proposed transfer's likely effect on the health, welfare, and safety of the general public. The court, Donald R. Freeman, J., affirmed the commission's decision. The petitioner appealed.

The Court of Appeals *held:*

Judicial review of a decision by the Liquor Control Commission to deny a transfer of an SDD license is limited to the determination whether the decision was authorized by law and whether the commission abused its discretion. In this case, Rule 5 provided legal authority for denial of the transfer, and the commission did not abuse its discretion in refusing to waive the density restriction of Rule 33.

Affirmed.

INTOXICATING LIQUORS — ADMINISTRATIVE LAW — SPECIALLY DESIGNATED DISTRIBUTOR LICENSES — JUDICIAL REVIEW.

Judicial review of a decision by the Liquor Control Commission to deny a request for a transfer of a specially designated distribu-

REFERENCES

Am Jur 2d, Administrative Law §§ 610-614, 617, 620; Intoxicating Liquors §§ 163 *et seq.*

Transfer of retail liquor license or permit from one location to another. 98 ALR2d 1123.

tor license is limited to the determination whether the decision was authorized by law and whether the commission abused its discretion in refusing to waive the general requirement governing the proximity of similarly licensed establishments in the area of the proposed transfer (Const 1963, art 6, § 28; MCL 436.2p; MSA 18.972[16]; 1980 AACS, R 436.1133).

*Norman C. Farhat & Associates, P.C.* (by *Lester A. Owczarski*), for J & P Market, Inc.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Arthur E. D'Hondt* and *Richard I. Rubin,* Assistant Attorneys General, for Liquor Control Commission.

*Doyle Group Attorneys, P.C.* (by *Fred C. Lovejoy*), for Rite Aid of Michigan, Inc.

Before: BRENNAN, P.J., and HOOD and TAYLOR, JJ

PER CURIAM. This is an administrative case. Petitioner appeals as of right from a decision of the respondent, the Liquor Control Commission (LCC), to deny petitioner's request for a transfer of a license to sell hard liquor. We affirm.

Petitioner holds a specially designated merchant (SDM) license to sell carry-out beer and wine. See MCL 436.2q; MSA 18.972(17). In June of 1989, it filed a request with respondent for a transfer of a specially designated distributor (SDD) license to sell hard liquor on a carry-out basis. See MCL 436.2p; MSA 18.972(16). Petitioner apparently sought to acquire the SDD license from a nearby merchant.

Although petitioner obtained the approval of local authorities in accordance with MCL 436.17(3); MSA 18.988(3), respondent declined to approve the transfer request. Petitioner unsuccessfully appealed in circuit court. This appeal followed.

.

Pursuant to its rule-making authority, MCL 436.7; MSA 18.977, the LCC has promulgated 1980 AACS, R 436.1133 (Rule 33), governing SDD license transfers. Rule 33 provides that "[a]n application . . . for the transfer of location of an existing specially designated distributor license shall not be approved by the commission if there is an existing specially designated distributor license located within 2,640 feet of the proposed site." However, "[t]his rule may be waived by the commission for 1 of the following reasons: . . . (c) If the proposed location and the existing specially designated distributor's licensed establishment are separated by a major thoroughfare of not less than 4 lanes of traffic."

In this case, there are three SDD license holders —including the intervenor appellee—within 2,640 feet of petitioner's proposed SDD location, all of whom opposed the license transfer request. However, all are separated from petitioner's proposed SDD location by four-lane roads, so that the above language of Rule 33(c) could apply. The LCC nevertheless refused to grant petitioner an exemption.

The LCC relied upon 1985 AACS, R 436.1105 (2) (a), (c), and (j) (Rule 5), in denying petitioner's request. Rule 5 provides that "[t]he commission shall consider all of the following factors in determining whether an applicant may be issued a license: (a) The applicant's management experience in the alcoholic liquor business. . . . (c) The applicant's general business reputation. . . . (j) The effects (sic) that the issuance of a license would have on the health, welfare, and safety of the general public."

The LCC found that, although petitioner qualified for a waiver under Rule 33, the area's population was shrinking and did not need another SDD license. Further, it found that because petitioner

had eight prior violations of the Liquor Control Act—seven for selling alcohol to minors and one for allowing the sale or possession of cocaine on its premises—"with the added responsibilities inherent upon receiving a[n] SDD license, a clear potential for undesirable business practices still exist[ed]." Despite petitioner not having any violations in the four years before the application, its transfer request was denied.

Petitioner first argues that the circuit court used an incorrect standard for reviewing the agency's decision. We agree, but find that on this record the error was harmless. We write to settle the confusion surrounding the applicable standard of review. In order to do that, we will examine the various possible sources of a standard for appellate review.

The Liquor Control Act does not prescribe a procedure for requesting license transfers or provide a standard of review for the denial of such requests. See MCL 436.17(3); MSA 18.988(3). The act does not require that a hearing be held to consider a transfer request. MCL 436.17(3); MSA 18.988(3); but compare MCL 436.17(4); MSA 18.988(4) (a hearing is required before revocation of a liquor license). Rather, the procedure for considering transfer requests is spelled out in Rule 33.

The Administrative Procedures Act (APA) confers a right to appeal, after exhaustion of all administrative remedies, upon a person "aggrieved by a final decision or order *in a contested case*," MCL 24.301; MSA 3.560(201) (emphasis added). A "contested case," however, is defined as "a proceeding including . . . licensing, in which determination of legal rights, duties, or privileges of a named party *is required by law to be made* by an agency *after an opportunity for an evidentiary hearing*." MCR

7.105(A)(2) (emphasis added). Because an evidentiary hearing is not required by statute in connection with a transfer request, such a proceeding is not a contested case and therefore is not covered by the appeals procedure of the APA. *Delly v Bureau of State Lottery,* 183 Mich App 258, 263; 454 NW2d 141 (1990); see also *Kassab v Acho,* 150 Mich App 104, 108-109; 388 NW2d 263 (1986) (*Kassab II*); *TDN Enterprises, Inc v Liquor Control Comm,* 90 Mich App 437, 439; 280 NW2d 622 (1979); see MCL 24.306(1); MSA 3.560(206)(1) (scope of review applicable to appeals under the APA).

Under the Michigan Constitution, "[a]ll final decisions . . . of any administrative . . . agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, *as a minimum,* the determination whether such final decisions . . . are authorized by law; and *in cases in which a hearing is required,* whether the same are supported by competent, material and substantial evidence on the whole record." Const 1963, art 6, § 28. (Emphasis added.) Because a hearing is not required, a decision by the LCC to deny a license transfer is reviewed only under the minimum standard. *Semaan v Liquor Control Comm,* 425 Mich 28, 40-41; 387 NW2d 786 (1986); see also *Delly, supra* at 263-264; *13-Southfield Associates v Dep't of Public Health,* 82 Mich App 678, 685-686; 267 NW2d 483 (1978). Cases applying the substantial evidence standard to SDD license denials were incorrectly decided. See *Kassab v Acho,* 125 Mich App 442, 449-452; 336 NW2d 816 (1983) (specifically disapproved in *Kassab II*); *TDN, supra* at 439-440 (applying constitutional and APA standards of review although acknowledging that a contested case was not involved).

Under the Revised Judicature Act (RJA), "[a]n appeal shall lie from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules from which an appeal or other judicial review has not otherwise been provided for by law, to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham County." MCL 600.631; MSA 27A.631. "Such appeals shall be made in accordance with the rules of the Supreme Court." *Id.* The Supreme Court rules, however, only provide a scope of review for "appeal[s] to the circuit court from an agency decision *in a contested case.*" MCR 7.105(B) (1); see MCR 7.105(M) (scope of review); compare with MCL 24.306(1); MSA 3.560(206)(1) (scope of review). Again, because a hearing is not required, the RJA and the court rules do not provide a substantive standard of review beyond the minimum mandated by the constitution.

After reviewing all possible sources of standards for judicial review, we conclude that only the minimal constitutional standard applies, and we therefore review the decision to deny a transfer to see whether it was authorized by law. Const 1963, art 6, § 28; *Semaan, supra* at 40-41; *Delly, supra* at 263-264; *13-Southfield Associates, supra* at 685-686. Additionally, however, because the decision whether to grant an exemption from Rule 33 is discretionary, we will review it for an abuse of discretion.[1]

Substantively, petitioner argues that there is no

---

[1] Because appellant did not argue below that the appropriate method of review is superintending control, that question is not preserved for appeal and need not be reviewed. However, we note that "[a]n order of superintending control is not available to a plaintiff who has another adequate remedy by way of an appeal." *Barham v Workers' Compensation Appeal Bd,* 184 Mich App 121, 127; 457 NW2d 349 (1990); see MCR 3.302(B).

authority in the agency's promulgated rules for considering petitioner's past liquor law violations and that, therefore, the transfer denial in the face of local approval was not authorized by law and constitutes a violation of due process and an abuse of discretion. We disagree.

First, the Liquor Control Act does not grant approval power to local agencies. Rather, regarding on-premises consumption licenses only, the act requires local approval before the LCC can grant a license. See MCL 436.17(3); MSA 18.988(3). There is no similar provision regarding carry-out sales. The opinion of local authorities is only one of the factors to be considered in deciding whether to grant a carry-out license. See Rule 5(2)(d).

Second, the plain meaning of Rule 5(2)(a), (c), and (j) is broad enough to empower respondent to consider prior liquor law violations, and, therefore, its decision to deny petitioner's transfer request on the basis of such violations is authorized by law. Further, it is reasonable for the LCC to believe that the fact that petitioner has previously violated the act reflects poorly on its management experience and business reputation, and raises concerns about the health, welfare, and safety of the general public. See Rule 5(2)(a), (c), and (j). Therefore, denying petitioner's request on the basis of prior violations does not constitute an abuse of discretion.

Affirmed.