BORCHARDT v DEPARTMENT OF COMMERCE

Docket No. 176293. Submitted June 13, 1996, at Detroit. Decided August 23, 1996, at 9:05 A.M.

George M. Borchardt petitioned the Wayne Circuit Court for judicial review of a decision by the Department of Commerce, Board of Pharmacy, to suspend his pharmacist's license and impose a fine on the basis that he had acted as a wholesale distributor of prescription drugs without a license to do so and had failed to maintain complete records of his supply and distribution of drugs. The court, Kathleen I. MacDonald, J., reversed the decision of the respondent. The respondent appealed by leave granted.

The Court of Appeals *held*:

1. MCL 333.17709(2); MSA 14.15(17709)(2) defines "wholesale distributor" as a person, other than a manufacturer, who supplies, distributes, sells, offers for sale, barters, or otherwise disposes of to other persons for resale, compounding, or dispensing, a drug or device salable on prescription only that the distributor has not prepared, produced, derived, propagated, compounded, processed, packaged, repackaged, or otherwise changed in the container or the labeling thereof. MCL 333.17748; MSA 14.15(17748) requires a person who acts as a wholesale distributor to have a wholesale distributor's license. In this case, the petitioner, in acting as a middleman between an Illinois pharmacist who sold prescription drugs to a Michigan pharmacist and in accepting payment from the Michigan pharmacist, acted as a wholesale distributor without a license, thereby violating the Public Health Code and making himself subject to the penalties imposed by the board.

2. When acting as a wholesale distributor, the petitioner failed to maintain complete records as required by 1981 AACS, R 338.493c, thereby subjecting himself to disciplinary action as allowed under MCL 333.16221(g); MSA 14.15(16221)(g) for violations of administrative rules promulgated under Article 15 of the Public Health Code.

3. The petitioner's license to practice pharmacy did not authorize him to act as a wholesale distributor. MCL 333.17707(5); MSA 14.15(17707)(5), in defining "practice of pharmacy," does not

include actions that constitute wholesale distribution of prescription drugs.

Reversed.

Health — Pharmacists — Wholesale Distributors of Prescription Drugs or Devices.

A person who is licensed as a pharmacist, but not as a wholesale distributor of prescription drugs or devices, acts as a wholesale distributor in serving as the middleman in a sale of prescription drugs by one pharmacist to another and in accepting payment therefor; such action violates the Public Health Code and makes the violator subject to sanctions by the Board of Pharmacy (MCL 333.16221 [c][iv], 333.16226, 333.17709[2], 333.17748; MSA 14.15[16221] [c][iv], 14.15[16226], 14.15[17709][2], 14.15[17748]).

*Murdoch J. Hertzog*, for the petitioner.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Phillip I. Frame*, Assistant Attorney General, for the respondent.

Before: Doctoroff, C.J., and Michael J. Kelly and J. L. Martlew,* JJ.

Per Curiam. Respondent, Department of Commerce, Board of Pharmacy, appeals by leave granted from the circuit court's order setting aside the respondent's decision to fine petitioner and suspend his license to practice pharmacy. We reverse.

This case centers on an August 31, 1989, administrative complaint filed by the Attorney General with the board charging petitioner, a registered pharmacist, with violations of sections 16221(b)(i), 16221(c)(iv), and 16221(g) of the Public Health Code, MCL 333.16221(b)(i), 333.16221(c)(iv), 333.16221(g); MSA 14.15(16221)(b)(i), 14.15(16221)(c)(iv), 14.15 (16221)(g). Following an administrative hearing, the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

board found petitioner in violation of §§ 16221(c)(iv) and 16221(g), suspended his controlled substance license and his license to practice pharmacy for a period of six months, and ordered him to pay a $5,000 fine. The board based its decision on petitioner's actions involving two other pharmacists, one from Illinois (Miller) and the other from Michigan (Bloch). The board found that, in acting as a middleman for the sale of drugs by Miller to Bloch and accepting payment from Bloch for each transaction, petitioner was functioning as a wholesale distributor without a license to do so. Petitioner filed a petition for review in the circuit court, which thereafter set aside the board's decision. Respondent now appeals.

An appeal from an administrative agency is reviewed to determine whether the agency's decision was authorized by law and supported by competent, material, and substantial evidence on the whole record. *J & P Market, Inc v Liquor Control Comm*, 199 Mich App 646, 650; 502 NW2d 374 (1993). MCL 333.16221(c)(iv); MSA 14.15(16221)(c)(iv) provides that the board may impose sanctions, pursuant to MCL 333.16226; MSA 14.15(16226), when a pharmacist commits a prohibited act consisting of

> [o]btaining, possessing, or attempting to obtain or possess a controlled substance as defined in section 7104 [MCL 333.7104; MSA 14.15(7104)] or a drug as defined in section 7105 [MCL 333.7105; MSA 14.15(7105)] without lawful authority; or selling, prescribing, giving away, or administering drugs for other than lawful diagnostic or therapeutic purposes. [MCL 333.16221(c)(iv); MSA 14.15(16221)(c)(iv).]

Michigan law mandates that an individual obtain a license to act as a wholesale distributor of drugs.

MCL 333.17748; MSA 14.15(17748). The statute defines "wholesale distributor" as

> a person, other than a manufacturer, who supplies, distributes, sells, offers for sale, barters, or otherwise disposes of, to other persons for resale, compounding, or dispensing, a drug or device salable on prescription only that the distributor has not prepared, produced, derived, propagated, compounded, processed, packaged, or repackaged, or otherwise changed in the container or the labeling thereof. [MCL 333.17709(2); MSA 14.15(17709)(2).]

Here, the board found that petitioner acted as a middleman in the sale of drugs and was acting as a wholesale distributor without a license to do so. Because such action was prohibited by MCL 333.17709(2); MSA 14.15(17709)(2) and MCL 333.17748; MSA 14.15(17748), the board found petitioner in violation of MCL 333.16221(c)(iv); MSA 14.15(16221) (c)(iv). The board was thus authorized to sanction petitioner.

The board also found that, in acting as a wholesale distributor, petitioner failed to maintain complete records of his supply and distribution of drugs to Bloch, thus violating 1981 AACS, R 338.493c. On the basis of petitioner's violation of this rule, the board concluded that petitioner violated MCL 333.16221(g); MSA 14.15(16221)(g), which allows a disciplinary subcommittee to proceed if it finds "[a] violation . . . of this article or of rules promulgated under this article."

The circuit court disagreed with the board's finding that petitioner's actions fell within the statutory definition of a "wholesale distributor," stating that such a finding was "an extremely strained interpretation." The circuit court further opined that the statutory definitions upon which the board based its findings

were not intended to apply to someone such as petitioner, who was a registered pharmacist and had a license to possess and sell drugs. In reaching its decision, the circuit court was persuaded by the case of *Kennedy v Kentucky Bd of Pharmacy*, 799 SW2d 58 (Ky App, 1990), which it found factually analogous to the instant case. In *Kennedy*, the Kentucky Board of Pharmacy had found that Kennedy, a pharmacist, violated a Kentucky statute by failing to obtain a wholesaler's license. The Kentucky Court of Appeals reversed that decision, because the statutory provision in Kentucky clearly stated that a pharmacist was exempt from the definition of a person acting as a wholesaler. The Kentucky legislature intended to differentiate between the action of a lay person distributing drugs from that of a pharmacist distributing drugs, in that a pharmacist need not obtain a wholesaler's license. In this case, the circuit court analogized from the *Kennedy* decision that the Michigan Legislature must have intended the same. On this basis, the circuit court found that the board's decision must be set aside. We disagree with the circuit court.

The *Kennedy* case is not analogous to the instant case because the Kentucky statutory definition of "wholesaler" is different from the Michigan definition. The Kentucky statute defines "wholesaler" as:

> [A]ny person, *except a pharmacist*, within the Commonwealth who legally buys drugs for resale and distribution to persons other than patients or consumers. [Ky Rev Stat Ann 315.010(12) (emphasis added).]

The Kentucky legislature plainly excluded a pharmacist from the definition of "wholesaler"; however, the Michigan statutory definition of "wholesaler" makes

no such distinction. MCL 333.17709(2); MSA 14.15(17709) (2). Thus, we find that the circuit court erred in relying upon *Kennedy* as dispositive law. The distinctions between the relevant statutes in the two states render the Kentucky decision inapplicable to this case.

We further disagree with the circuit court's finding that petitioner, by virtue of his license to practice pharmacy, was allowed to act as a middleman between Miller and Bloch for the sale of drugs. MCL 333.17707(5); MSA 14.15(17707)(5) provides:

"Practice of pharmacy" means a health service, the clinical application of which includes the encouragement of safety and efficacy in the prescribing, dispensing, administering, and use of drugs and related articles for the prevention of illness, and the maintenance and management of health. Professional functions associated with the practice of pharmacy include:

(a) The interpretation and evaluation of the prescription.

(b) Drug product selection.

(c) The compounding, dispensing, safe storage, and distribution of drugs and devices.

(d) The maintenance of legally required records.

(e) Advising the prescriber and the patient as required as to contents, therapeutic action, utilization, possible adverse reactions or interactions of drugs.

Because the statutory definition of the practice of pharmacy does not include those actions defined in the statutory definition of wholesale distributor, we conclude that the circuit court's reasoning was in error. See *Livingston Co Bd of Social Services v Dep't of Social Services*, 208 Mich App 402, 406; 529 NW2d 308 (1995). If the Legislature had intended the practice of pharmacy to include the action of a wholesale distributor, it would have provided for this in the stat-

utory definition of "practice of pharmacy." *Id.* Alternatively, the Legislature could have explicitly excluded pharmacists from the definition of a wholesale distributor, as did the Kentucky legislature. *Id.* However, where no such provision or distinction was made, we conclude that the Legislature did not intend for the actions of a wholesale distributor to be included in the practice of pharmacy. *Id.*; see also *Frank v William A Kibbe & Associates, Inc*, 208 Mich App 346, 350-351; 527 NW2d 82 (1995).

We further conclude that the record supports a finding that petitioner's actions of receiving prescription drugs as a middleman for Miller and Bloch fell within the plain meaning of the statutory definition of "wholesale distribution." MCL 333.17709(2); MSA 14.15(17709)(2). Petitioner, who was not a manufacturer, disposed of prescription drugs to Bloch in the same form in which he received them from Miller. Pursuant to MCL 333.17748; MSA 14.15(17748), petitioner was required to obtain a license to act as a wholesaler of prescription drugs. In failing to obtain such a license, petitioner violated MCL 333.16221 (c)(iv); MSA 14.15(16221)(c)(iv).

Finally, we conclude that the record supports a finding that petitioner failed to maintain the proper records of a wholesale distributor as required by 1981 AACS, R 338.493c. It thus follows that he was in violation of MCL 333.16221(g); MSA 14.15(16221)(g) for failing to comply with a rule promulgated by the article.

In summary, we find that, pursuant to MCL 333.16226; MSA 14.15(16226), the board was authorized by law to restrict petitioner's license to practice pharmacy for his misconduct. In addition, we hold

that the circuit court erred in its analysis of the law. We find that the board's decision was supported by competent, material, and substantial evidence on the record, and accordingly, we reverse the decision of the circuit court.

Reversed.