CAPRATHE v MICHIGAN JUDGES RETIREMENT BOARD

Docket No. 265625. Submitted March 14, 2007, at Lansing. Decided April 24, 2007, at 9:00 a.m. Leave to appeal sought.

William Caprathe filed a petition in the Ingham Circuit Court seeking to require the Judges Retirement Board to transfer credits for his six months of service as a public defender to the Judges Retirement System for use in calculating his retirement allowance under the Reciprocal Retirement Act (RRA), MCL 38.1101 *et seq.* After an administrative hearing, a hearing referee recommended that the board grant petitioner the six months; however, the board denied the transfer on the ground that the board did not have a policy to accept such transfers, and the petitioner appealed. The circuit court, William E. Collette, J., ordered the board to allow petitioner to transfer his service credits, and the board appealed. The Court of Appeals reversed the trial court's order and directed the respondent to adopt a written policy pursuant to § 6 of the RRA. *Caprathe v Michigan Judges Retirement Bd*, unpublished opinion per curiam of the Court of Appeals, issued April 29, 2004 (Docket No. 246390). In response, the board adopted a policy to prohibit all transfers of service credits and, consistent with this policy, again denied petitioner's request to transfer his service credits. The circuit court reversed the board's decision and required the board to issue another policy under § 6 of the RRA. The board appealed.

The Court of Appeals *held*:

1. The circuit court correctly reviewed the board's decision to determine whether it was authorized by law and supported by competent, material, and substantial evidence. Contrary to the board's argument, the circuit court is expressly authorized by the state constitution to determine whether a decision is supported by the evidence, and it need not automatically affirm a decision absent a finding that the agency acted capriciously.

2. The board complied with the Court of Appeals order to implement and apply a policy under § 6 of the RRA to ensure uniform application of that section to all members of the system by deciding that it would not allow transfer of service credits to or

from any member. The circuit court improperly substituted its judgment for that of the board in reversing this decision.

Reversed.

1. ADMINISTRATIVE LAW — APPEAL — CIRCUIT COURTS — STANDARD OF REVIEW.

A circuit court reviews an administrative agency decision to determine whether it was authorized by law and whether the decision of the hearing officer was supported by competent, material, and substantial evidence (Const 1963, art 6, § 28).

2. CIVIL SERVICE — PENSIONS — RECIPROCAL RETIREMENT ACT — SERVICE CREDIT TRANSFERS.

A reciprocal unit may adopt a policy to disallow all transfers of service credits by its members for purposes of calculating their retirement allowances (MCL 38.1101 *et seq.*).

*William J. Caprathe in propria persona.*

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Tonatzin M. Alfaro Maiz* and *Larry F. Brya*, Assistant Attorneys General, for the Michigan Judges Retirement Board.

Before: SMOLENSKI, P.J., and SAAD and SCHUETTE, JJ.

SAAD, J.

### I. NATURE OF THE CASE

Petitioner sought to transfer credits for six months of service as a Bay County public defender to the Judges' Retirement System for use in calculating his retirement allowance under the Reciprocal Retirement Act (RRA), MCL 38.1101 *et seq*. Section 5 of the RRA provides that, except as provided in § 6, "credited service acquired in a governmental unit in which the member was previously employed shall not be used in determining the amount of his or her retirement allowance payable by the reciprocal retirement system from which he or she retires unless otherwise provided by the retirement

system." MCL 38.1105. However, § 6 of the RRA provides that each reciprocal unit "may enter into an agreement . . . to transfer credited service . . . ," MCL 38.1106(1), and "shall establish a written policy to implement the provisions of this section in order to provide uniform application of this section to all members of the reciprocal retirement system." MCL 38.1106(4). As this Court directed the Judges Retirement Board (the board) to do in *Caprathe v Michigan Judges Retirement Bd*, unpublished opinion per curiam of the Court of Appeals, issued April 29, 2004 (Docket No. 246390) (*Caprathe I*), the board adopted a written policy pursuant to § 6. To preserve the financial integrity of the Judges Retirement System, the board adopted a policy to prohibit all transfers of service credits. Consistent with the newly adopted policy, the board also denied, once again, petitioner's request to transfer his service credits.

The trial court erred as a matter of law when it reversed the board's decision and required the board to issue another policy under MCL 38.1106. Accordingly, we reverse the trial court's ruling and reinstate the decision of the board because it is fully consistent with this Court's earlier ruling and consistent with the statutory mandate regarding the adoption and implementation of a policy regarding service credits.

## II. FACTS AND HISTORY OF PROCEEDINGS

On April 29, 2004, this Court reversed the trial court's order to the board that petitioner be allowed to transfer his service credits. The Court remanded the case to the board to (1) "establish a general implementing policy as required by MCL 38.1106(4)," and (2) "decide petitioner's petition pursuant to MCL 38.1106(1)." *Caprathe I, supra* at 4.

On May 18, 2004, the board issued a policy stating that it would not "enter into an agreement with a reciprocal unit to: a) accept transfer of credited service and associated financial consideration as provided in MCL 38.1106 into the Judges' Retirement System; [or] b) transfer credited service and associated financial consideration as provided in MCL 38.1106 out of the Judges' Retirement System to another reciprocal unit . . . effective immediately." And, on the same date, the board once again denied petitioner's request to transfer service credits pursuant to the new policy.

Petitioner again appealed the board's decision to the circuit court and argued that, absent further explanation, the board's denial was not a proper exercise of discretion. Petitioner maintained that the board's new policy was simply a blanket statement that refused all requests under the statute. Counsel for the board argued that the board had previously implemented a policy, for a one-year period, that allowed service credits under MCL 38.1106, but, at the end of that year, the policy was discontinued, and the board returned to its prior practice of refusing such requests. The board further reasoned that, after this Court's decision in *Caprathe I*, the board decided to disallow any future requests for service credit because of "financial considerations, that if they allowed members to come in, it wouldn't always have the resources and the system would be at a loss."

The circuit court rejected the board's arguments and stated that the board's policy was not based on a proper evaluation. The court ruled that the board had failed to effectuate the order of this Court to issue an implementing policy. The circuit court therefore remanded the case to the board to establish a policy for imple-

menting the RRA. The board appealed this ruling, we granted leave, and we reverse the circuit court's order.

### III. STANDARD OF REVIEW

We disagree with the board that the circuit court applied an incorrect standard of review.[1] In *J&P Market, Inc v Liquor Control Comm*, 199 Mich App 646, 650; 502 NW2d 374 (1993), this Court stated that

> [u]nder the Michigan Constitution, all final decisions of any administrative agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions are authorized by law; and in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. [*Id.*, citing Const 1963, art 6, § 28 (quotation marks, emphasis, and ellipses removed).]

This Court's statement in *J&P Market* emphasizes the authority of the circuit court to determine whether the board's decision was authorized by law. Because a hearing was held in this case, the circuit court was also required to determine whether the board's decision was supported by competent, material, and substantial evidence on the record. The board argues that the circuit court's responsibility under the law is to affirm the decision of an administrative agency if that decision is

---

[1] This Court reviews the circuit court's review of an administrative agency's decision to "determine whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Boyd v Civil Service Comm*, 220 Mich App 226, 234; 559 NW2d 342 (1996). This case also involves statutory interpretation, which is an issue of law that is reviewed de novo. *Ronan v Michigan Pub School Employees Retirement Sys*, 245 Mich App 645, 648; 629 NW2d 429 (2001).

not "arbitrary or capricious." This is incorrect because the circuit court is expressly authorized by the state constitution to determine whether a decision is supported by the evidence, and its duties in this regard extend beyond automatically affirming a decision if it does not find that an agency acted capriciously.

The circuit court stated that the board needed to establish a policy that implemented § 6 of the RRA. The circuit court reasoned that the recently adopted policy failed to do so. While the court obviously disagreed with the review procedure that the board established, it ostensibly based its ruling on the conclusion that the board had not followed the order of this Court and the dictates of the statutory scheme. Thus, the court set aside the board's ruling here on the basis of what it saw as "a substantial and material error of law." *Adrian School Dist v Michigan Pub School Employees' Retirement Sys*, 458 Mich 326, 332; 582 NW2d 767 (1998). Accordingly, the trial court did not rule contrary to the applicable standard of review.

### IV. POLICY UNDER MCL 38.1106

We agree with the board that the circuit court improperly substituted its judgment for that of the board.[2]

---

[2] This Court reviews the circuit court's review of an administrative agency's decision to "determine whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Boyd, supra* at 234.

Substantial evidence is any evidence that reasonable minds would accept as adequate to support the decision; it is more than a mere scintilla of evidence but may be less than a preponderance of the evidence. This Court's review of the circuit court's decision is limited to determining whether the circuit court "applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual find-

The circuit court remanded petitioner's case to the board because it concluded that the policy implementing § 6 of the RRA was, in effect, illusory as applied to petitioner's case and potential future cases arising under the statute. "It is an affront to the system to put people through a hearing, . . . spend your time and mine and his . . . and then write a one liner that says, we never grant this relief. . . . I do think that it is wrong to hold a hearing that has no purpose." It appears that the circuit court mistakenly concluded that the board was required to adopt a policy under which the board would review each request for service credit on a case-by-case basis. The board responds that the hearing provided petitioner with an opportunity to state his position on the issue and to hear the board discuss the reasons why the board had chosen to implement a policy that denies all requests for transfers of service credit.

In *Caprathe I*, a panel of this Court noted that § 6 of the RRA "allows petitioner to transfer credit for his six months of service from Bay County to the Judges Retirement System, but only if there is a specific resolution from each jurisdiction agreeing to the transfer." *Caprathe I, supra* at 2.

> According to the plain language of the statute, a reciprocal unit is not required to accept transfer of service credits. Although the Board is required to establish a policy for the uniform implementation of transfers between reciprocal units, which the Board apparently did not do, a *lack* of a policy for uniform implementation

---

ings." In other words, this Court reviews the circuit court's decision for clear error. A decision is clearly erroneous when, "on review of the whole record, this Court is left with the definite and firm conviction that a mistake has been made." [*Barak v Oakland Co Drain Comm'r*, 246 Mich App 591, 597; 633 NW2d 489 (2001) (citations omitted).]

does not, by itself, equate to the *presence* of any other policy, either to deny or to accept. The Legislature has granted the Board discretion whether to accept transfers of service credit, so petitioner is not, in the absence of any action by the Board to the contrary, entitled to a transfer. [*Caprathe I, supra* at 3 (emphasis in original).]

MCL 38.1105 provides, in pertinent part, that "[e]xcept as provided in section 6, credited service acquired in a governmental unit in which the member was previously employed *shall not* be used in determining the amount of his or her retirement allowance payable by the reciprocal retirement system from which he or she retires unless otherwise provided by the retirement system." (Emphasis added.) Section 6(1) of the statute provides that the "preceding reciprocal unit" *may* make an agreement with the "succeeding reciprocal unit" to "transfer credited service . . . by resolution of the governing body of each reciprocal unit." MCL 38.1106(1). Section 6(4) of the statute requires every reciprocal unit to establish a written policy to implement the section in order to "provide uniform application of this section to all members of the reciprocal retirement system." MCL 38.1106(4).

Section 6(4) can be read as requiring a reciprocal unit to establish a uniform procedure by which members of a reciprocal retirement system could submit a request to transfer service credits for the purpose of determining a retirement allowance. Under this approach, the preceding and succeeding reciprocal units would decide each request on a case-by-case basis. This effectuates the discretionary "may" in § 6(1) by defining that discretion in terms of the individual submissions, i.e., the reciprocal units have the discretion to accept or deny the requested transfer. This reading assumes a policy decision on the part of the

unit establishing the written policy to exercise such discretion.

However, the language of § 6 does not *require* this approach. Indeed, it can also be reasonably read as requiring a reciprocal unit to establish a uniform procedure by which a reciprocal unit will implement the policy decision to either always accept or always deny such submissions. This effectuates the discretionary "may" in § 6(1) by defining that discretion in terms of determining the guiding policy directive (e.g., always deny). This reading is more in accord with the statutory scheme. Specifically, § 5 sets forth the general rule that credited service shall not be used in determining a retirement allowance. The recognized exception is § 6. If reciprocal units could not decide to opt out of the exception, the general rule would be surplusage. In other words, if a reciprocal unit must always decide such submissions on a case-by-case basis, then there is no general rule.

This Court's specific directions were for the board to implement a policy under § 6(4) and then decide petitioner's petition under § 6(1). The statutory language indicates that the purpose of the policy is to provide uniform application of the section to all members of the system. Deciding that it would not allow transfer of service credits to or from any member is a uniform policy. Where the board has discretion whether to allow the transfers, a decision not to grant any transfers is also within the board's discretion. The board complied with this Court's order, and the manner in which it did so was not affected by a substantial error of law. And, again, the policy decision to universally deny such submissions is in keeping with the discretion provided in § 6(4), as informed by § 6(5).

Accordingly, we reverse the circuit court and affirm the board's decision.

Schuette, J., concurred.

Smolenski, P.J. I concur in the result only.