# STATE OF MICHIGAN

# COURT OF APPEALS

KENNEDY LIQUOR & DELI SHOPPE, INC.,
d/b/a BIG DADDY'S LIQUOR & PARTY
STORE,

UNPUBLISHED
March 24, 2016

Plaintiff-Appellee,

v

No. 325387
Oakland Circuit Court
LC No. 2014-140734-AS

LIQUOR CONTROL COMMISSION,

Defendant,

and

BALDWIN EXPRESS, INC.,

Intervening Defendant-Appellant.

Before: K. F. KELLY, P.J., and FORT HOOD and BORRELLO, JJ.

PER CURIAM.

Defendant, Baldwin Express, Inc., appeals as of right the trial court's order granting summary disposition pursuant to MCR 2.116(C)(10) to plaintiff, Kennedy Liquor and Deli Shoppe, Inc., in this action from a decision of the Liquor Control Commission ("LCC")[1] granting defendant's request for a transfer of a liquor license. For the reasons set forth in this opinion, we reverse and remand for entry of summary disposition in favor of defendant.

## I. BACKGROUND

In May of 2014, the LCC granted defendant's application for transfer of a specially designated distributor's ("SDD") liquor license to its store in Pontiac, Michigan. Plaintiff has a license to sell liquor and operates its store within one-half mile of defendant's store. The regulatory code relative to liquor licenses prohibited the LCC from granting defendant's

---

[1] Although the LCC was also a party to the underlying action, it is not a party to the appeal, and therefore, it is not designated as "defendant" in this opinion.

-1-

application if there was an existing location with a license within one-half mile of the new location absent an applicable waiver. The LCC found that a waiver applied because the businesses were separated by a thoroughfare of not less than four lanes of traffic. Accordingly, it approved the liquor license transfer to defendant.

Plaintiff brought the instant action in circuit court requesting superintending control over the LCC's issuance of the license to defendant and relevant declaratory relief. Plaintiff alleged that the exception did not apply because the roadway separating the businesses was not four connected lanes. According to plaintiff, the intersection at issue consisted of two distinct two-lane roads, namely West Kennett Road and Parkdale Avenue, along with a turn lane, which met in a "Y" shaped intersection at Baldwin Avenue. In contrast, the LCC asserted that West Kennett and Parkdale merged before the intersection at Baldwin Avenue to create one thoroughfare having the requisite lanes of traffic for an exception to the half-mile rule.

Both defendant and plaintiff moved for summary disposition. The trial court granted plaintiff's motion for summary disposition after finding that plaintiff was entitled to a writ of superintending control and for declaratory relief. The court reasoned the LCC failed to perform a clear legal duty and that plaintiff was without an adequate legal remedy in this matter. The trial court ordered the LCC to immediately withdraw its approval of defendant's application. This appeal ensued.

## II. STANDARD OF REVIEW

We review a trial court's decision on a motion for summary disposition de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). Summary disposition under MCR 2.116(C)(10) is proper if the evidence fails to establish a genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010). Furthermore, we review a trial court's decision to grant or deny an order of superintending control for an abuse of discretion. *In re Goehring*, 184 Mich App 360, 366; 457 NW2d 375 (1990). "A court by definition abuses its discretion when it makes an error of law." *In re Waters Drainage Dist*, 296 Mich App 214, 220; 818 NW2d 478 (2012).

## III. ANALYSIS

At the outset, plaintiff contends that defendant challenged plaintiff's request for a writ of superintending control, but failed to challenge plaintiff's request for declaratory relief. Accordingly, plaintiff argues, defendant has waived the right to challenge the court's order to the extent the order grants declaratory relief. Despite this contention, it is clear from the lower court record that the two remedies plaintiff sought were inextricably linked and concerned the same underlying transaction, which is at issue in this appeal. Moreover, consideration of the issue is necessary to a proper determination of the case; therefore, we have discretion to review the issue. See *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002). Finally, to the extent that plaintiff argues that defendant waived its argument with respect to standing, as discussed below, the standing issue is moot given that defendant was entitled to summary disposition on other grounds.

Defendant additionally argues that plaintiff was not a proper party with authority to seek a writ of superintending control. However, irrespective of whether plaintiff was entitled to seek superintending control, the trial court erred as a matter of law in finding that the LCC violated the regulatory code and therefore abused its discretion in granting plaintiff's request for superintending control and declaratory relief. Accordingly, there is no reason for this Court to consider this particular argument.

Defendant also asserts that the trial court erred in applying incorrect standards of review. We find this argument persuasive. When an evidentiary hearing is not required by statute in connection with a license transfer request, such a proceeding is not a contested case and therefore is not covered by the appeals procedure of the Administrative Procedures Act (APA). *J & P Market, Inc v Liquor Control Comm*, 199 Mich App 646, 650; 502 NW2d 374 (1993). Rather, the scope of review provided by Const 1963, art 6, § 28, applies in such cases and limits review to a determination of whether the action of the agency was authorized by law. *Id*. An administrative decision is unauthorized by law if it is: (1) in violation of a statute or the constitution, (2) in excess of the statutory authority or jurisdiction of the agency, (3) made upon unlawful procedures resulting in material prejudice, or (4) arbitrary and capricious. *English v Blue Cross Blue Shield of Michigan*, 263 Mich App 449, 455; 688 NW2d 523 (2004). It is not proper for the circuit court or this Court to review the evidentiary support of an administrative agency's decision where no hearing was required. *Northwestern Nat'l Casualty Co v Comm'r of Ins*, 231 Mich App 483, 488; 586 NW2d 563 (1998).

In this case, under the plain language of the applicable administrative rule, the LCC is required to deny an application for an SDD liquor license where the applicant is located within one half-mile of another such licensee. Mich Admin Code, R 436.1133. The Code contains an exception to this rule where the two businesses are separated by "a major thoroughfare of not less than 4 lanes of traffic." Mich Admin Code, R 436.1133(c). We have held that the decision whether to grant an exemption based on Rule 33 is within the discretion of the commission. *J & P Market, Inc*, 199 Mich App at 651.

Here, the trial court was required to determine whether the LCC's decision was unauthorized by law by determining whether: the LCC violated a statute or the constitution, acted outside the scope of its authority, rendered a decision based on unlawful procedure, or made an arbitrary and capricious decision. *English*, 263 Mich App at 455. The LCC reviewed the matter and determined that the merger of the lanes just before the intersection with Baldwin was sufficient to satisfy the definition of "a major thoroughfare of not less than 4 lanes of traffic." In doing so, the LCC was exercising its lawful discretion to interpret and apply the relevant regulatory rule. See *J & P Market, Inc*, 199 Mich App at 651. Although plaintiff submitted evidence to support a different interpretation of the exception, the trial court erred as a matter of law in reviewing evidence de novo when there was no hearing required. *Northwestern Nat'l Casualty Co*, 231 Mich App at 488. Because the LCC's decision was not arbitrary or capricious, did not violate a statute or the constitution, and was not based on improper procedure, the decision was authorized by law. See *English*, 263 Mich App at 455. Once these conditions were met, the trial court was devoid of discretion to delve into the facts behind the decision reached by the LCC. Accordingly, the trial court abused its discretion in granting plaintiff's request for superintending control and related declaratory relief under the circumstances.

-3-

Reversed and remanded for entry of an order granting summary disposition in favor of defendant. Having prevailed in full, defendant may tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ Stephen L. Borrello