*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THERESA M. HELLER,

       Plaintiff-Appellant,

UNPUBLISHED
May 21, 2019

v

No. 345164
Kalamazoo Circuit Court
LC No. 2018-000052-AA

JOYCE L. DEJONG, D.O., HOMER STRYKER
SCHOOL OF MEDICINE, and COUNTY
MEDICAL OFFICE OF KALAMAZOO,

       Defendant-Appellees.

Before: GLEICHER, P.J., and RONAYNE KRAUSE and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition to defendants. We affirm.

This case arises from the alleged misclassification of plaintiff's child's, DW's, manner of death as classified by defendant Joyce DeJong, D.O., on DW's death certificate. After reviewing all of the materials surrounding the investigation of DW's death, DeJong determined that DW's death was a suicide. Plaintiff disagreed with this determination because there were numerous pieces of evidence that supported her belief that DW's death was an accident. Plaintiff therefore requested that DeJong change the manner of death on DW's death certificate from "suicide" to "accident." In response, DeJong offered to change DW's manner of death to "indeterminate," but plaintiff rejected the offer. On January 9, 2018, DeJong issued a supplemental report reaffirming her finding that DW's death was a suicide.

Plaintiff appealed the supplemental report to the circuit court, contending that it was a final decision subject to the Michigan Administrative Procedure Act (APA). In lieu of filing an answer, defendants moved for summary disposition in relevant part under MCR 2.116(C)(4), arguing that the circuit court lacked subject-matter jurisdiction. Defendant first pointed out that under the APA, the circuit court only had jurisdiction over an "agency" when there was a "contested case." Defendant then argued that a medical examiner did not meet the APA's definition of an "agency" because under that definition an "agency" means an agency of the

state, and a medical examiner is a county agency. Defendant also argued that the dispute in this case does not meet the APA's definition of a "contested case" because the medical examiner's determination of the manner of death did not involve "a proceeding, there [was] no determination of legal rights, duties or privileges, and there [were] no hearings."

In answer, plaintiff argued that a medical examiner was a state agency because it was created by statute and its functions were generally determined by the state. Plaintiff also argued that this was a contested case because "[t]he next of kin has the right to contest the findings of the Medical examiner" and plaintiff, as DW's next of kin, had contested the factual underpinnings of the medical examiner's determination of the manner of death since the death certificate was issued.

The trial court held a hearing on defendants' motion on August 1, 2018. Following the parties' arguments, the trial court issued its ruling from the bench. The trial court noted that whether the medical examiner was a state agency was "in some ways a gray area," but "for purposes of [the] hearing," the trial court assumed that "the medical examiner [was] an agency . . . of the State, and therefore subject to the APA." The trial court went on to hold that, even if the medical examiner was subject to the APA, the case before it did not fall into the definition of a "contested case" because "this was no more a determination of legal rights and responsibilities of the parties than simply an opinion[.]" The trial court concluded that the medical examiner's determination of the manner of death was not a decision on a contested matter because there was "no trial, no . . . hearing . . . simply an investigation conducted by the medical examiner, which ultimately led to this particular . . . conclusion on her part."

Plaintiff now appeals that decision as of right.

Appellate courts review de novo a trial court's grant of summary disposition. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506; 885 NW2d 861 (2016). Defendants moved for summary disposition in relevant part under MCR 2.116(C)(4), arguing that the trial court lacked subject-matter jurisdiction. "Jurisdictional questions under MCR 2.116(C)(4) are questions of law that are also reviewed de novo." *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 205; 631 NW2d 733 (2001).

Under MCL 24.301,

When a person has exhausted all administrative remedies available within an *agency*, and is aggrieved by a final decision or order in a *contested case*, whether such decision or order is affirmative or negative in form, the decision or order is subject to direct review by the courts as provided by law. [Emphasis added.]

In the trial court, as well as on appeal, defendants argue that a medical examiner is not an "agency" and that this is not a "contested case" as those terms are defined in the APA. The APA defines "agency" in pertinent part as follows:

(2) "Agency" means a state department, bureau, division, section, board, commission, trustee, authority or officer, created by the constitution, statute, or agency action. . . . [MCL 24.203.]

In *League Gen Ins Co v Michigan Catastrophic Claims Ass'n*, 435 Mich 338, 343; 458 NW2d 632 (1990), our Supreme Court clarified that there are "two characteristics" required for an entity to be considered an "agency" under the APA: (1) the entity "must be created by the constitution, statute, or by agency action," and (2) the entity "must be a 'state' unit or position." A medical examiner is clearly created by statute, see MCL 52.201 *et seq.*, but defendants argue that a medical examiner is a county unit or position, not a state unit. We agree that the office of the medical examiner is not a state unit.

The *League* Court made clear that to be considered a "state" unit or position, there must be "dominant state control," and the state's involvement must be "pervasive or controlling." *League Gen Ins Co*, 435 Mich at 347, 349. In our opinion, medical examiners are not subject to "dominant state control," and the state's involvement is not "pervasive or controlling." Medical examiners are appointed by "[t]he board of commissioners of each county" or in accordance with the county's civil service system, if applicable, MCL 52.201(1); "[t]he county medical examiner is in charge of the office of the county medical examiner and may promulgate rules relative to the conduct of that office," MCL 52.201c(1); and a medical examiner's compensation is "appropriated by the county board of supervisors," MCL 52.201e. Thus, the county medical examiners tend to function at a local, county level, and the state does not assert "dominant" control over medical examiners. We acknowledge, as plaintiff points out, that medical examiners do have some obligations to the state, see, e.g., MCL 52.207 (requiring a medical examiner to conduct an investigation upon written request of the attorney general); MCL 52.212 (requiring a medical examiner to testify on "behalf of the state in any matter arising as the result of any investigation required under this act"), but we believe that, like in *League Gen Ins Co*, 435 Mich at 347, these obligations "fail[] to rise to the level of dominant state control . . . requisite for state agency status."

Even if we assume, like the trial court did, that medical examiners are an "agency" under the APA, the trial court nonetheless lacked subject-matter jurisdiction because this case is not a "contested case" under the APA. The APA defines "contested case" in pertinent part as follows:

> (3) "Contested case" means a proceeding, including rate-making, price-fixing, and licensing, in which a determination of the legal rights, duties, or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing. . . . [MCL 24.203.]

In Michigan's Administrative Code, there is a rule under which "[a] change to a registered death record may be requested by . . . [t]he next of kin of the deceased." Mich Admin R 325.3266(2)(a). Assuming without deciding that Mich Admin R 325.3266(2)(a) grants the next of kin—here, plaintiff—the right to challenge a medical examiner's finding of the manner of death on a death certificate, there is no procedure that a medical examiner must follow to entertain such a challenge. In other words, the medical examiner is not required to hold an evidentiary hearing or some other similar procedure in response to the next of kin's challenge.

In *J & P Mkt, Inc v Liquor Control Comm*, 199 Mich App 646, 650; 502 NW2d 374 (1993), this Court held, "Because an evidentiary hearing is not required by statute in connection with a transfer request, such a proceeding is not a contested case and therefore is not covered by the appeals procedure of the APA." Applying the same reasoning here, because an evidentiary

hearing is not required by statute or rule in response to a request to change a death certificate, plaintiff's request to change DW's death certificate was not a contested case. See *id*.; see also *In re Territory in Larkin Twp to City of Midland*, 146 Mich App 29, 33; 379 NW2d 460 (1985) ("This Court has determined that, unless an evidentiary hearing is required by law, the proceeding is not a 'contested case.' "). Because this is not a contested case under MCL 24.203(3), the circuit court correctly concluded that MCL 24.301 was inapplicable and the circuit court therefore lacked subject-matter jurisdiction over plaintiff's claim.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause
/s/ Colleen A. O'Brien